Matthias, J.
 

 The primary question presented in these cases is whether the 60 days within which a petition in error must be filed in this court to review the action of the public utilities commission begins to run at the time of the entry of the order of the commission, or not until the action of the commission overruling the application for a rehearing.
 

 Although the case of
 
 Coss
 
 v.
 
 Public Utilities Commission,
 
 101 Ohio St., 528, 130 N. E., 937, is cited, it does not appear that this question has been dealt with in any previous opinion of this
 
 *479
 
 court. In the case cited a motion in the alternative was filed by the defendant in error to either dismiss or affirm the order of the commission. The entry shows a consideration by the court upon the merits, and an affirmance of the order of the public utilities commission, although the petition in error was not filed until the expiration of 61 days after the entry of the order of the commission.
 

 An examination of several sections of the General Code is essential. It is provided by Section 547 that:
 

 “No proceeding to reverse, vacate or modify a final order of the commission shall be deemed commenced unless the , petition therefor is filed within sixty days after the entry of the final order complained of upon the journal of the commission.”
 

 Our question, therefore, is whether the final order complained of is the adverse ruling upon the application for rehearing, or the ruling and order of the commission against which the application for rehearing is directed, and as to which a rehearing before the commission is sought. How are we to determine what is meant by a “final order”? If the term “final order” is defined elsewhere in the statute, that definition should be applied to proceedings in error from the public utilities commission, particularly in view of the provisions of Section 552, General Code, to the effect that unless otherwise provided by law all processes in actions and proceedings in court arising under the chapter relating to the public utilities commission shall be the same as in civil actions. A “final order” is defined in Section 12258, General Code, as:
 

 
 *480
 
 “An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding.”
 

 This provision has been before this court in numerous cases for interpretation and application, in several of which the specific question has been presented whether the action of a court in overruling a motion for a new trial was or was not a final order. The latest one is the case of
 
 Wells, Jr.,
 
 v.
 
 Wells,
 
 105 Ohio St., 471, 138 N. E., 71, where, in considering the provisions of Section 12270, General Code, limiting the period within which proceedings may be brought to reverse, vacate, or modify a judgment or final order to “70 days after the entry of the judgment or final order complained of,” this court held such provision applicable to divorce proceedings, and that the 70 days began to run from the date of the entry of the decree, and not from the date of the overruling of a motion for a new trial, expressly following and approving
 
 Young
 
 v.
 
 Shallenberger,
 
 53 Ohio St., 291, 41 N. E., 518;
 
 Dowty
 
 v.
 
 Pepple,
 
 58 Ohio St., 395, 50 N. E., 923; and
 
 Craig
 
 v.
 
 Welply,
 
 104 Ohio St., 312, 136 N. E., 143. In that case the court further held in the syllabus that:
 

 “A motion for a new trial affects the time when the limitation begins to run only in those cases where the motion for a new trial prevents the entry of a judgment.”
 

 In the cases above cited this court has clearly and conclusively determined that the overruling of a motion for a new trial is not a final order
 
 *481
 
 from which, error may be prosecuted, and that the time from which the statute, relative to the institution of proceedings in error begins to run, is the date of the judgment sought to be reversed, and not the date of overruling the motion for a new trial.
 

 In view of the statutory provisions above referred to, and the decisions of this court construing and applying the same, the next question here presented is whether there are any provisions of the statutes governing proceedings before the public utilities commission or proceedings in error from the finding and order of the public utilities commission so inconsistent with the statutes above cited as to make them inapplicable to proceedings in error from the public utilities commission. By reason of the statutory definition of “final order,” and the interpretation and application of that provision by this court in the cases above cited, some of which were decided long prior to the enactment of the public utilities statutes, it must be concluded that in enacting those statutes, and particularly Section 547, General Code, the Legislature by the language employed intended to limit the period during which proceedings in error might be commenced to 60 days from the entry of the order of the commission, and not from the overruling of the application for rehearing, for if the latter had been intended it would have been a very simple matter to provide in the statute that the time should run from the overruling of the application for a rehearing. It is to be observed that under the provisions of Section 543, General Code, no corpora.
 
 *482
 
 ,tion or person may in any court urge or rely ‘on any ground not set forth in an application for a rehearing before the utilities commission. It therefore follows that in every case presented to the public utilities commission an application for rehearing must be filed, and the matters therein set forth presented to the utilities commission, before there may be a proceeding in error to the Supreme Court from the action and order of the commission.
 

 Such application for rehearing must be filed within 30 days after the order of the commission, and all orders of the commission, under Section 614-41, Greneral Code, take effect and become operative 30 days after service thereof, unless a different time is provided in the order, but, under the provisions of Section 543, Greneral Code, such applica tion for rehearing must be made before the effective date of the order. If the application is made 10 days or more before the effective date of the order, it must either be granted or denied before the effective date or the order shall stand suspended until the application is granted or denied, and any application for rehearing made within less than 10 days before the effective date of the order, a rehearing of which is sought, not granted within 20 days, may be taken by the party making the application as denied, unless the effective date of the order is extended for the period of the pendency of the application. It is further provided in that section that an application for a rehearing does not excuse any one from compliance with and obedience to the order or decision, or stay its en
 
 *483
 
 forcement, except in such cases and upon snch terms as the commission may by order direct.
 

 While it is true, as urged, that these provisions do require the filing of an application for rehearing, there is to be found nowhere a provision requiring the postponement of proceedings in error until an application for rehearing is passed upon by the commission, or precluding the institution of proceedings in error prior to the disposition of an application for a rehearing, just as there is no provision requiring that a motion for a new trial shall be overruled as a condition precedent to a proceeding in error. It has been determined in both the ease of
 
 Dowty
 
 v.
 
 Pepple, supra,
 
 and
 
 Young
 
 v.
 
 Shallenberger, supra,
 
 that pendency of a motion for a new trial does not toll the statute or relieve the party complaining from prosecuting error within the limit of time prescribed by the statute. The point urged, that until the determination of the application for a rehearing the party filing the application cannot know whether it will be necessary to prosecute error, is answered by the decision and the course of reasoning in
 
 Young
 
 v.
 
 Shallenberger, supra,
 
 where this court expressly held in the syllabus:
 

 “The overruling of a motion for a new trial is not a final order to which error can be prosecuted.”
 

 As heretofore stated, under the provisions of Section 543, General Code, no ground may be urged in the court that is not set forth in the application. As a matter of course the application for a rehearing cannot contain a ground that such application has been refused, and therefore pro
 
 *484
 
 ceedings in error cannot be based upon tbe overruling of an application for rehearing.
 

 In passing upon an application for a rehearing, the commission neither makes nor enters an order, particularly if the application is overruled. It merely refuses to vacate or modify the order theretofore entered. What is claimed to have been the final order.in this case is well shown in the brief of counsel for plaintiff in error, when they say:
 

 “The petition in error brings up for review the action of the commission determining to enter upon a hearing concerning the propriety of the increased rates and charges set forth in said tariff, and suspending the operation of the schedule for 120 days from April 1, 1924, and later fixing the amount of the bond and approving the bond given in order that the company may at the expiration of the period of suspension impose and collect the rates set forth herein.”
 

 Each of the two orders therein complained of was entered more than 60 days prior to the institution of this proceeding in error. It has been suggested, however, that those orders, having been such as permitted the utility company to charge rates in accordance with the schedule it had filed, upon giving a bond in accordance with the provisions of the statute, and the order of the commission pursuant thereto, were not final orders, and that a proceeding in error is not available until a full hearing and the final determination of the commission of the rates to be charged and collected by such utility. For. the purposes of this decision we
 
 *485
 
 have assumed without deciding that the orders heretofore entered affected a substantial right and came within the statute defining “final order.” If they do not, it would follow that this proceeding has been prematurely brought.
 

 For the reasons stated we have reached the conclusion that the petition in error was not filed within 60 days after the entry of the final order complained of upon the journal of the commission, and that the motion to dismiss must be sustained.
 

 Motion sustamed.
 

 Robinson, Jones, Day, Allen, and Conn, JJ., concur.