Hart, J.
 

 The jurisdiction of this court to hear an appeal from the Public Utilities Commission is based upon Section 544, General Code, which is as follows:
 

 “A final order made by the commission shall be reversed, vacated or modified by the Supreme Court on appeal, if upon consideration of the record such court is of the opinion that such order was unlawful or unreasonable.”
 

 The question raised by the motion to dismiss the ap
 
 *215
 
 peal of the eity to this court is whether the order of the commission overruling the motion of the city to dismiss the proceedings before it, is a “final order.” It is conceded that if the commission had granted the motion to dismiss the appeal of the company to the commission, there would have been a final order, because that would have ended the matter and would have denied the company the right of appeal. Is the order of the commission
 
 refusing
 
 to dismiss the appeal of the company a final order from which the city may appeal? In the opinion of the court it is not. It does not finally dispose of the appeal pending before the commission and does not affect a substantial right. Section 12223-2, General Code. A final order under Section 544, General Code, has been held by this court to- be the same type of order referred to and defined in other sections of the Code.
 
 City of Dayton
 
 v.
 
 Public Utilities Commission,
 
 111 Ohio St., 476, 481, 145 N. E., 849.
 

 To recognize the claim of the city would be to permit an appeal on only one feature of the controversy— a split appeal — which, if authorized, would prolong and confuse litigation. The commission may find the ordinance rate just and reasonable, in which event no appeal on the part of the city may be necessary. If the city is obliged to appeal after a final determination of the rate by the commission, the question now sought to be raised may be litigated in this court.
 

 Furthermore, since the city claims the commission has no jurisdiction to hear the appeal on the rate ordinance because of a private contract between the eity and the company, a collateral issue in the proceeding, this court may not be able to determine whether the commission has jurisdiction to hear the appeal before it until the matter is tried on its merits and the record fully made up.
 

 A question of procedure similar, if not identical, to that presented in this case, was before this court in the case of the
 
 City of Cleveland
 
 v.
 
 Public Utilities Com
 
 
 *216
 

 mission,
 
 136 Ohio St., 410, 26 N. E. (2d), 213. This court there held that an order, overruling a motion of the city to dismiss an appeal before the commission on the ground that the latter had no jurisdiction of the appeal, was not a final order. This court still adheres to that position, and the motion of the commission to dismiss the appeal in this case must be sustained.
 

 Appeal dismissed.
 

 Weygandt, C. J., Williams, Matthias, -Zimmerman and Bettman, JJ., concur. •
 

 Turner, J., dissents.