Matthias, J.
 

 Appeals to this court from the Public Utilities Commission are authorized by the provisions of Section 544, General Code, which is as follows:
 

 “A final order made by the commission shall be reversed, vacated or modified by the supreme court on appeal, if upon consideration of the record such court is of the opinion that such order was unlawful or unreasonable. ’ ’
 

 The specific question presented by the motion to dismiss the appeal is whether the order of the com
 
 *636
 
 mission in question is a final order. The term “final order” is defined by Section 12223-2, General Code, as follows:
 

 “An order affecting’ a substantial right in an action, when in effect it determines the action and prevents a judgment, or an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, * * is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial, as provided in this title.”
 

 It is to be observed that a distinction is made between an order “in an action” and an order “in a special proceeding.” In the former, an order is a final order only “when in effect it determines the action and prevents a judgment,” while in the latter the only essential to constitute an order a “final order” is that it be one “affecting a substantial right.”
 

 This is not “an action” pending in court, but is a proceeding before an administrative board or commission. There are very few reported cases of this court involving the question of special proceedings. In
 
 Cincinnati, Sandusky & Cleveland Rd. Co.
 
 v.
 
 Sloan,
 
 31 Ohio St., 1, and
 
 Forest City Investment Co.
 
 v.
 
 Haas,
 
 110 Ohio St., 188, 143 N. E., 549, it was held that an order appointing a receiver is an order affecting a substantial right in a special proceeding, and therefore a final order and reviewable, formerly on error and now on appeal on questions of law.
 

 That a proceeding before the Public Utilities Commission such as this is a special proceeding seems indisputable. Then, if the order in question here affects a substantial right, it is a final order within the contemplation of the provisions of Section 544, General Code, whether or not it “determines the action and prevents a judgment.”
 

 It is the contention of counsel for the commission that no substantial right of the existing and protest
 
 *637
 
 ing transportation company is affected by the finding and order of convenience and necessity or the requirement imposed upon the existing carrier.
 

 Does such order affect a substantial right? Section 614-87, General Code, contains the following provision :
 

 “No motor transportation company shall commence its operation as such in this state, without first obtaining from the public utilities commission a certificate declaring that public convenience and necessity require such operation.
 

 “The commission shall have the power, after notice and hearing, when the applicant requests a certificate to serve in a territory already served by a motor transportation company holding a certificate of public convenience and necessity from the commission, to grant a certificate only when the existing motor transportation company or companies serving such territory do not provide the service required or the particular kind of equipment necessary to furnish such service to the satisfaction of the commission * * * .
 

 “Before granting any certificate the commission shall take into consideration other existing transportation facilities in the territory, for which a certificate is sought, and in case it appears from the evidence that the service furnished by existing transportation facilities is reasonably adequate the commission shall not grant such certificate. * * *
 

 “On finding of the public utilities commission that any motor transportation company does not give convenient and necessary service in accordance with the order of such commission such motor transportation company shall be given a reasonable time, not less than sixty days, to provide such service before any existing certificate is cancelled or a new one granted over the route or for the territory mentioned in the finding and order of 'or hearing before the public utili-. ties commission.”
 

 
 *638
 
 The commission not only found that public convenience and necessity required the service proposed by the applicant for such certificate, but also found that the existing transportation service of the appellant was inadequate and required the appellant to expand its present operations to provide such additional service upon and over the route which it now serves under its certificate within sixty days, or the application, of its proposed competitor would be granted.
 

 The contention of the appellant was and is that its present service is in all respects adequate, and it therefore resists the finding and order of the commission in that respect.
 

 In our! opinion such finding and order does affect a substantial right of the appellant, and therefore that appeal may be prosecuted therefrom by the protesting carrier pursuant to and in accordance with Section 544, General Code.
 

 The motion to dismiss the-appeal is therefore overruled.
 

 Motion to dismiss appeal overruled.
 

 Weygandt, C. J., Zimmerman and Turner, JJ., concur.
 

 Hart and Bell, JJ., dissent.
 

 Williams, J., not participating.