By the Court.
 

 The Public Utilities Commission filed a motion to dismiss this appeal for the reason that the order of the commission is not a “final order,” within the contemplation of Section 544, General Code, from which an appeal may be taken.
 

 Section 544, General Code, provides:
 

 “A final order made by the commission shall be re-versed, vacated or modified by the Supreme Court on appeal, if upon consideration of the record such court is of the opinion that such order was unlawful or unreasonable.”
 

 Section 12223-2, General Code, reads in part:
 

 “An order affecting a substantial right in an action, when in effect it determines the action and prevents
 
 *231
 
 a judgment, or an order affecting a substantial right made in a special proceeding,
 
 * * *
 
 is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial, as provided in this title.”
 

 In
 
 Cleveland, Columbus & Cincinnati Highway, Inc.,
 
 v.
 
 Public Utilities Commission,
 
 141 Ohio St., 634, 49 N, E. (2d), 759, a majority of this court concluded that a proceeding before the Public Utilities Commission, such as the one involved in that case, was a “special proceeding” within the meaning of Section 12223-2, General Codé, and in such proceeding "an order of the commission affecting a substantial right was a “final order” from which appeal could be perfected to this court under Section 544, General Code.
 

 Counsel in the present case agree that a “special proceeding” was before the Public Utilities Commission, but are not in accord that a “final order” was entered by the commission. The appellant herein contends that the order is one “affecting a substantial right,” but. the appellee insists that nothing in the order affects a substantial right of the company which had invoked the jurisdiction of the commission to determine the reasonableness of the rates and service, and that the commission issued a preliminary order prior to the rate litigation contemplated by the complaint and appeal which is still pending before the Public Utilities Commission.
 

 Counsel for appellant urge that the refusal of the Public Utilities Commission to determine whether Ordinance No. 198-1944 violates Section 4226, General Code, insofar as the ordinance seeks to revive any part of Ordinance No. 404-1941 by reference only, affects a substantial right of appellant. Such counsel contend that Ordinance No. 198-1944 is inoperative and invalid, and that the appellant has the right to have that fundamental question determined prior to any hearing upon the justness and reasonableness of the provisions
 
 *232
 
 of the. ordinance, citing
 
 City of Cincinnati
 
 v.
 
 Public Utilities Commission,
 
 137 Ohio St., 437, 30 N. E. (2d), 797. In the cited case a substantial right of the city was affected and there was a final order issued when the commission, acting within its jurisdiction and before considering the rates established by the ordinance, held the ordinance was ineffective, upon the ground that it would.require the gas company to abandon or withdraw its service of mixed gas, without the approval of the commission as required by Sections 504-2 and 504-3, General Code. In that case, a determination of the reasonableness of the rates was precluded. In the present proceeding there has been no final order by the commission which stated in its preliminary order that it will determine the reasonableness and justness of the rate fixed by the ordinance for the product and service which the company was serving at the time of the enactment of the ordinance. Sections 614-44 and 614-46, General Code.
 

 Counsel for appellant rely, also, upon
 
 Cleveland, Columbus
 
 &
 
 Cincinnati Highway, Inc.,
 
 v.
 
 Public Utilities Commission, supra,
 
 which may be easily distinguished since the order in that proceeding affected a substantial right by directing- a certificated motor transportation operator to provide specified additional service.
 

 Counsel for the commission cite
 
 City of Cleveland
 
 v.
 
 Public Utilities Commission,
 
 136 Ohio St., 410, 26 N. E. (2d), 213, and
 
 City of Ashtabula
 
 v.
 
 Public Utilities Commission,
 
 139 Ohio St., 213, 39 N. E. (2d), 144, both of which involved appeals to this court from orders of the commission overruling motions to dismiss appeals to the commission from municipal rate ordinances. Notwithstanding that there was before the commission only an application for determination of certain questions in the present proceeding, and that there was no motion to dismiss the appeal before such body, we are of opinion that those cases apply in de
 
 *233
 
 termining that there is likewise no final order of the commission before the court in this proceeding.
 

 The appeal is dismissed.
 

 Appeal dismissed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Matthias and Hart, JJ., concur.
 

 Turner, J., not participating.