SENIOR CITIZENS COALITION ET AL., APPELLANTS, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.
CLEVELAND ELECTRIC ILLUMINATING COMPANY, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.
TOLEDO EDISON COMPANY, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.
CITY OF CLEVELAND, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.
BOARD OF COUNTY COMMISSIONERS OF CUYAHOGA COUNTY, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.
OFFICE OF CONSUMERS' COUNSEL, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE. (TWO CASES.)

[Cite as Senior Citizens Coalition *v.* Pub. Util. Comm. (1988), 40 Ohio St. 3d 329.]

(Nos. 88-612, 88-647, 88-648, 88-651, 88-657, 88-737 and 88-738—Submitted November 14, 1988—Decided December 30, 1988.)

*Joseph P. Meissner,* for appellants, Senior Citizens Coalition, Greater Cleveland Welfare Rights Organization, Inc., Low Income People Together, and Western Reserve Alliance, in case No. 88-612.

*Squire, Sanders & Dempsey, Alan P. Buchmann, Charles R. McElwee II, Alan D. Wright, Victor F. Greenslade, Carl E. Chancellor* and *Craig I. Smith,* for appellant, Cleveland Electric Illuminating Co., in case No. 88-647.

*Fred J. Lange, Jr., Alan D. Wright* and *Victor F. Greenslade,* for appellant, Toledo Edison Co., in case No. 88-648.

*Marilyn G. Zack,* director of law, *William M. Ondrey Gruber* and *Craig A. Glazer,* for appellant, city of Cleveland, in case No. 88-651.

*John T. Corrigan,* prosecuting attorney, *Patrick J. Murphy* and *Timothy J. Kollin,* for appellant, Board of County Commissioners of Cuyahoga County, in case No. 88-657.

*William A. Spratley,* consumers' counsel, *G. James Van Heyde* and *Evelyn R. Robinson,* for appellant, Office of Consumers' Counsel, in case No. 88-737.

*Squire, Sanders & Dempsey, Alan P. Buchmann, Charles R. McElwee II, Alan D. Wright, Victor F. Greenslade, Craig I. Smith* and *Carl E. Chancellor,* for intervening appellee, Cleveland Electric Illuminating Co., in case Nos. 88-612, 88-651, 88-657 and 88-737.

*William A. Spratley,* consumers' counsel, *Dwight D. Nodes* and *G. James Van Heyde,* for appellant, Office of Consumers' Counsel, in case No. 88-738.

*Fred J. Lange, Jr., Alan D. Wright* and *Victor F. Greenslade,* for

intervening appellee, Toledo Edison Co., in case No. 88-738.

Anthony J. Celebrezze, Jr., attorney general, Robert S. Tongren, David C. Champion and James B. Gainer, for appellee, Public Utilities Commission of Ohio.

Per Curiam. OCC's prior appeals differ from the present cases because in the prior appeals OCC had filed notices of appeal to this court before disposition of its own applications for rehearing before the commission. Here, appellants have filed notices of appeal with this court before final disposition of another's application for rehearing. Nevertheless, for the reasons that follow, we grant the motions to dismiss.

Under the Ohio Constitution,[2] our jurisdiction to hear appeals in public utilities cases is as prescribed by statute. The relevant statutes are R.C. 4903.10, 4903.11 and 4903.13.[3]

R.C. 4903.11 and 4903.13 provide

---

[2] Section 2(B)(2)(c), Article IV.

[3] R.C. 4903.10 provides in part:

"After any order has been made by the public utilities commission, any party who has entered an appearance in person or by counsel in the proceeding may apply for a rehearing in respect to any matters determined in said proceeding. Such application shall be filed within thirty days after the entry of the order upon the journal of the commission.

"* * *

"Such application shall be in writing and shall set forth specifically the ground or grounds on which the applicant considers said order to be unreasonable or unlawful. No party shall in any court urge or rely on any ground for reversal, vacation, or modification not so set forth in said application.

"* * *

"Where such application for rehearing has been filed, the commission may grant and hold such rehearing on the matter specified in such application, if in its judgment sufficient reason therefor is made to appear. Notice of such rehearing shall be given by registered mail to all parties who have entered an appearance in the proceeding.

"If the commission does not grant or deny such application for rehearing within thirty days from the date of filing thereof, it is denied by operation of law.

"* * *

"If, after such rehearing the commission is of the opinion that the original order or any part thereof is in any respect unjust or unwarranted, or should be changed, the commission may abrogate or modify the same; otherwise such order shall be affirmed. An order made after such rehearing, abrogating or modifying the original order shall have the same effect as an original order, but shall not affect any right or the enforcement of any right arising from or by virtue of the original order prior to the receipt of notice by the affected party of the filing of the application for rehearing.

"No cause of action arising out of any order of the commission, other than in support of said order, shall accrue in any court to any person, firm, or corporation unless such person, firm, or corporation has made a proper application to the commission for a rehearing."

R.C. 4903.11 provides:

"No proceeding to reverse, vacate, or modify a final order of the public utilities commission is commenced unless the notice of appeal is filed within sixty days after the date of denial of the application for rehearing by operation of law or of the entry upon the journal of the commission of the order denying an application for rehearing or, if a rehearing is had, of the order made after such rehearing. An order denying an application for rehearing or an order made after a rehearing shall be served forthwith by registered mail upon all parties who have entered an appearance in the proceeding."

R.C. 4903.13 provides in part:

"A final order made by the public

for appeals of "final order[s]," but do not define the term. R.C. 2505.02 provides in part:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

In *Cleveland, Columbus & Cincinnati Highway, Inc.* v. *Pub. Util. Comm.* (1943), 141 Ohio St. 634, 636, 26 O.O. 197, 198, 49 N.E. 2d 759, 760, this court identified the term "final order" in R.C. 4903.13 with the same term in the second clause of R.C. 2505.02:

"It is to be observed that a distinction is made between an order 'in an action' and an order 'in a special proceeding.' In the former, an order is a final order only 'when in effect it determines the action and prevents a judgment' while in the latter the only essential to constitute an order a 'final order' is that it be one 'affecting a substantial right.'

"* * *

"That a proceeding before the Public Utilities Commission such as this is a special proceeding seems indisputable. Then, if the order in question here affects a substantial right, it is a final order within the contemplation of the provisions of Section 544, General Code [R.C. 2505.02], whether or not it 'determines the action and prevents a judgment.' "

It could be inferred from this case that any order that affects a party's

substantial rights is appealable irrespective of its relationship to other parties and orders. However, *Cleveland, Columbus & Cincinnati Highway, Inc.* merely defines a "final order"; it does not state when a final order may be appealed. Hence, in *Toledo Edison Co.* v. *Pub. Util. Comm.* (1983), 5 Ohio St. 3d 95, 5 OBR 175, 449 N.E. 2d 428, we dismissed an appeal by the company filed after its application for rehearing had been granted, but before the commission had issued its order following rehearing. We cited "* * * this court's repeatedly pronounced disfavor of piecemeal appeals." *Id.* This decision foreshadowed our decision in the *Consumers' Counsel* cases, *supra.* In all these cases, the appeals at least arguably involved substantial rights of the appellants, but were held to be untimely. Timeliness, as well as an effect on substantial rights, is necessary for a valid appeal.

R.C. 4903.10 and 4903.11 provide the time frame in which a final order becomes appealable. R.C. 4903.10 requires a party to proceedings before the commission to file an application for rehearing with the commission, giving notice of the application to all other parties, in order to perfect an appeal to this court. If the commission grants rehearing, it must give notice to all other parties. Under R.C. 4903.11, if the commission denies an application for rehearing, or grants it and issues an order thereafter, it must give notice to all parties to the proceedings. Moreover, under R.C. 4903.10, any order on rehearing may modify or even abrogate the original order.

Thus, the statutes link all parties in the rehearing process following issuance of the commission's original

---

utilities commission shall be reversed, vacated, or modified by the supreme court on appeal, if, upon consideration of the

record, such court is of the opinion that such order was unlawful or unreasonable. * * *"

order and, in effect, hold the original order hostage to the outcome of the final rehearing. It is against this background that R.C. 4903.11 then provides that "[n]o proceeding to reverse, vacate, or modify a final order of the public utilities commission is commenced unless the notice of appeal is filed within sixty days *after the date of denial of the application for rehearing by operation of law or of the entry upon the journal of the commission of the order denying an application for rehearing or, if a rehearing is had, of the order made after such rehearing.*" (Emphasis added.)

Alone, R.C. 4903.11 might be construed to apply to each party's application for rehearing and appeal independently of other parties' applications and appeals. However, R.C. 4903.11 does not stand alone. We have previously stated that both R.C. 4903.10 and 4903.11 are jurisdictional. *Consumers' Counsel* cases, *supra.* Therefore, because R.C. 4903.10 links all the parties through notice requirements and because an order issued after a rehearing may modify or even abrogate previously issued orders, we construe it to establish the rehearing process as an integrated whole, with each application for rehearing potentially affecting the position of other parties to the proceedings. R.C. 4903.11 must be construed accordingly.

Secondly, R.C. 4903.11, by itself, appears to cause the sixty-day appeal time to run from the date of an order made after rehearing, regardless of whether subsequent applications for rehearing are filed with respect to that order. However, because R.C. 4903.10 is also jurisdictional, permits an application for rehearing after any order,

and requires an application for rehearing to preserve the right to appeal an issue, we construe the language of R.C. 4903.11, "* * * after the date of denial of the application for rehearing * * *," to refer both to applications for rehearing of original orders and applications for rehearing of orders made after rehearings. See R.C. 1.49(E). Consequently, we construe the language of R.C. 4903.11 — "* * * or, if a rehearing is had, of the order made after such rehearing" — to apply only to rehearings where no application for rehearing is subsequently filed.

In the proceedings on which the cases before us are based, the last act of the commission was to deny, on May 10, 1988, CEI's and Toledo Edison's April 18, 1988 applications for rehearing of the orders issued on April 14, 1988. Therefore, under our construction of R.C. 4903.11, the date of denial of the last application for rehearing—May 10, 1988—was the date from which the sixty-day appeal period of R.C. 4903.11 began to run. Since all parties appealed prior to that date, the notices of appeal were premature. The motions to dismiss are therefore granted. Without jurisdiction, we cannot consider the applications for stay of execution requested by OCC. Therefore, the applications for stay of execution are denied.

*Motions to dismiss granted.*

*Motions for stay denied.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.