CITY OF CINCINNATI, APPELLANT, *v.* PUBLIC UTILITIES
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *Cincinnati v. Pub. Util. Comm.* (1992), 63 Ohio St.3d 366.]

(No. 91–1774—Submitted January 21, 1992,—Decided March 20, 1992.)

*Fay D. Dupuis,* City Solicitor, and *Richard Ganulin,* for appellant city of Cincinnati.

*Lee I. Fisher,* Attorney General, *James B. Gainer, Duane W. Luckey* and *Jeffrey D. Van Niel,* for appellee Public Utilities Commission of Ohio.

*James J. Mayer* and *Michael A. Gribler; Squire, Sanders & Dempsey, Alan P. Buchmann, Arthur E. Korkosz* and *Debra J. Horn,* for intervening appellee Cincinnati Gas & Electric Company.

---

*Per Curiam.* The narrow issue presented by appellees' motions to dismiss is whether the commission's July 18, 1991 order, as affirmed by its August 15, 1991 entry on rehearing, is final and appealable. We hold that it is not.

R.C. 4903.13 provides in part:

"A final order made by the public utilities commission shall be reversed, vacated, or modified by the supreme court on appeal, if, upon consideration of the record, such court is of the opinion that such order was unlawful or unreasonable."

R.C. 2505.02 defines a "final order" as:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, [or] *an order that affects a substantial right made in a special proceeding* * * *." (Emphasis added.)

This court has held that proceedings before the commission are special proceedings. *Hall China Co. v. Pub. Util. Comm.* (1977), 50 Ohio St.2d 206, 4 O.O.3d 390, 364 N.E.2d 852, citing *Cleveland, Columbus & Cincinnati Highway, Inc. v. Pub. Util. Comm.* (1943), 141 Ohio St. 634, 26 O.O. 197, 49 N.E.2d 759. Accordingly, disposition of the issue presented requires a determination of whether the commission's July 18, 1991 order affected a substantial right of the city. The city claims that the commission's order affected its right to challenge the reasonable original cost of Zimmer in CG&E's pending rate case. R.C. 4909.15(A)(1) and 4909.05.

In those cases in which we have found that a substantial right was affected by a commission order, there has been a showing of concomitant prejudice to the party seeking review in this court. *Cleveland, Columbus & Cincinnati Highway, Inc. v. Pub. Util. Comm.*, *supra* (the commission ordered appellant to expand its motor carrier operations to provide additional service within sixty days or the application of its competitor to provide such service would be granted); *Cincinnati v. Pub. Util. Comm.* (1940), 137 Ohio St. 437, 19 O.O. 143, 30 N.E.2d 797, as distinguished in *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm.* (1946), 146 Ohio St. 228, 32 O.O. 206, 65 N.E.2d 68 (the commission issued a preliminary order in a complaint and appeal proceeding, invalidating a municipal ordinance rate and terminating the proceeding).

Conversely, in cases where no such prejudice was demonstrated, we have refused to find that the commission's determination affected a substantial right. *Hall China Co.*, *supra* (whether a substantial right was affected by the order appealed from was contingent upon the commission's subsequent reconsideration of that order, during the pendency of which appellant was protected from loss by an undertaking filed by the utility); *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm.*, *supra* (the commission's refusal to issue a preliminary order in a proceeding did not affect a substantial right of appellant when such issue was to be resolved in the underlying case pending before the commission).

In *Ashtabula v. Pub. Util. Comm.* (1942), 139 Ohio St. 213, 22 O.O. 211, 39 N.E.2d 144, we held that the commission's refusal to dismiss a proceeding on jurisdictional grounds did not affect a substantial right of the appellant, because the city could appeal such issue to the court after the commission had issued its final order on the merits. The court reasoned that an appeal only on the jurisdictional issue would result in a "split appeal," which would serve only to prolong and confuse litigation. Accord *Cleveland v. Pub. Util. Comm.* (1940), 136 Ohio St. 410, 16 O.O. 574, 26 N.E.2d 213. This court has since repeated its disfavor of piecemeal appeals arising from commission proceedings in *Toledo Edison Co. v. Pub. Util. Comm.* (1983), 5 Ohio St.3d 95,

5 OBR 175, 449 N.E.2d 428, and *Senior Citizens Coalition v. Pub. Util. Comm.* (1988), 40 Ohio St.3d 329, 533 N.E.2d 353.

In the case before us, we note that the underlying rate proceeding from which the instant appeal is taken is still pending before the commission, that the July 18, 1991 order of the commission affected only a portion of a single issue in that case (the valuation of CG&E's rate base), and that denying the motions to dismiss would result in the piecemeal appeal of that issue and the entire rate case, contrary to our precedent. Moreover, while the commission's order may have initially prevented the city from litigating this particular rate base issue before the commission,[2] it did not prejudice the city, considering that this issue is preserved for review by this court when, or if, the final order in the underlying rate order is appealed. *Ashtabula, supra.* Accordingly, we find that a substantial right of the city has not been affected by the commission's order and that the order is not final and appealable pursuant to R.C. 2505.02 and 4903.13. Appellees' motions to dismiss are granted.

*Motions to dismiss granted.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

2. This assumes that the commission does not modify its determination in considering the city's objections to the staff report of investigation, R.C. 4909.19, or upon rehearing after the order of the merits has been issued. R.C. 4903.10. This assumption underscores the premature nature of this appeal and the lack of prejudice resulting from the commission's July 18, 1991 order.