OPINION
Defendant-appellant, John H. Fisher, II, appeals that portion of the trial court's August 8, 2001 decision reinstating a previously dismissed motion by plaintiff-appellee, Kimberly V. Fisher, to modify child support. Plaintiff cross-appeals that portion of the trial court's decision adopting the magistrate's decision to grant defendant's motion to vacate the trial court's child support modification order issued on February 11, 1994.
Plaintiff and defendant were divorced on January 6, 1988. As part of the divorce decree, defendant was ordered to pay child support in the amount of $475 per month for each of two minor children, for a total of $950 per month. On October 25, 1990, defendant moved to modify the child support due to a disability which did not allow him to maintain employment. The child support was reduced from $475 per month per child to $125 per month per child, and payment was suspended not only on arrearages due, but on current support that also would accrue as arrearages.
In 1993, the Franklin County Child Support Enforcement Agency ("FCCSEA") reviewed the parties' child support and, on November 4, 1993, recommended the child support be increased from $250 per month to $1,828.27 per month for the children. Defendant, who at that time lived in Florida, did not object to the recommendation that he pay increased child support, allegedly because he never received notice of the administrative proceedings or of the agency's recommendation. In an entry filed February 11, 1994, the trial court adopted the FCCSEA recommendation to increase the child support to $1,828.27 per month. A copy of the entry was sent by ordinary mail to defendant in care of the Child Support Enforcement Agency of St. Petersburg, Florida, but was not mailed to defendant's residence. Defendant purportedly never received a copy of the entry increasing his child support obligation.
A criminal nonsupport case was filed against defendant sometime between February and November 1994. Defendant was arrested and brought to Ohio, where he was informed of the increase in his child support obligation from $250 per month to $1,828.27 per month. On November 18, 1994, defendant filed a motion to vacate the February 11, 1994 support order under Civ.R. 60(B)(5), claiming the order was a gross injustice because defendant did not attend the FCCSEA hearing, defendant was not requested to provide financial information upon which an accurate determination of defendant's income could be made, and defendant did not receive a copy of the FCCSEA recommendations.
In response to defendant's motion to vacate, plaintiff, on January 17, 1995, filed a motion (1) for an order modifying child support in the event defendant's motion to vacate was granted, and (2) for contempt against defendant for failure to pay child support. In a judgment entry of March 30, 1995, the parties agreed to stay the proceedings on the pending motions until the criminal proceedings against defendant were resolved. As a condition of the stay, defendant was ordered to pay $1,828.27 per month in child support, as FCCSEA recommended, while the matters were stayed.
The stay was lifted in July 1995. In March 1996, the court allowed defendant's counsel to withdraw from the case. After several continuances, the hearing on the pending motions was held before a magistrate on July 11, 1996. Defendant did not appear at the hearing, although he had personally signed a continuance advising the parties of the date of the hearing. As a result, defendant's motion to vacate the February 11, 1994 child support order was dismissed for defendant's failure to prosecute. Based on the dismissal of defendant's motion to vacate, plaintiff withdrew her motion to modify child support. A copy of the judgment entry, entered September 27, 1996, that dismissed defendant's motion to vacate judgment was mailed to defendant at an incorrect address in Florida and was returned marked "return to sender."
Nothing further occurred in this case until February 29, 2000, when defendant filed a motion to reduce child support. On April 4, 2000, defendant filed his second motion to vacate the February 1994 child support modification order, claiming the order was void ab initio and should be vacated because it was entered without the court and the FCCSEA having obtained jurisdiction over defendant. Specifically, defendant claimed he did not receive notice of the administrative proceedings relating to the order and did not receive notice of the court's entry of the order.
In a decision entered August 8, 2001, the trial court adopted the magistrate's decision granting defendant's motion and vacating the February 1994 child support order as void ab initio. The court agreed with the magistrate that (1) defendant's motion was not barred by res judicata, and (2) the FCCSEA and the court did not have jurisdiction to issue the child support recommendation and order due to lack of proper service on defendant. The court sua sponte reinstated plaintiff's motion to modify child support, originally filed on January 17, 1995, and remanded the matter to the magistrate for a determination of child support retroactive to that date.
Defendant appeals from the trial court's August 8, 2001 decision, assigning the following errors:
 I. THE TRIAL COURT COMMITTED ERROR AND WAS ACTING WITHOUT JURISDICTION WHEN IT REINSTATED A MOTION THAT WAS VOLUNTARILY DISMISSED BY APPELLEE OVER 5 YEARS AGO.
 II. THE TRIAL COURT ERRED BY REINSTATING A VOLUNTARILY DISMISSED MOTION SUA SPONTE, WITHOUT APPELLEE HAVING MADE A MOTION REQUESTING SUCH RELIEF.
 III. EVEN ASSUMING RELIEF FROM THE VOLUNTARY DISMISSAL WAS AVAILABLE, APPELLEE IS TIME BARRED FROM SEEKING RELIEF UNDER CIV.R. 60(B) AND HAS FAILED TO PRESENT ANY EVIDENCE JUSTIFYING A NEED FOR RELIEF FROM THE VOLUNTARY DISMISSAL.
 IV. THE TRIAL COURT ERRED BY SETTING A RETROACTIVITY DATE FOR ADJUSTMENT OF CHILD SUPPORT TO A TIME PRIOR TO THE COURT OBTAINING JURISDICTION.
 V. THE TRIAL COURT'S RULING VIOLATES APPELLANT'S DUE PROCESS RIGHTS UNDER THE 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND APPLICABLE PROVISIONS OF THE OHIO CONSTITUTION.
 VI. THE TRIAL COURT INAPPROPRIATELY PLACED A DUTY ON DEFENDANT TO FILE A MOTION TO INCREASE IN HIS OWN CHILD SUPPORT OBLIGATION.
Plaintiff cross-appeals from the court's August 8, 2001 decision, assigning a single error:
 THE TRIAL COURT COMMITTED ERROR IN FAILING TO FIND THAT THE APPELLANT'S MOTION TO VACATE JUDGMENT WAS NOT BARRED BY THE DOCTRINE OF RES JUDICATA.
In defendant's assignments of error, he seeks to vacate the portion of the trial court's order which reinstates plaintiff's voluntarily dismissed motion for modification of child support and establishes the original date of filing of that motion as the retroactivity date for purposes of adjusting child support. We do not reach the merits of defendant's appeal, however, because this court is without jurisdiction to hear defendant's appeal on that issue.
Pursuant to Section 3(B)(2), Article IV, Ohio Constitution, an appellate court has jurisdiction over final orders of a trial court. See, also, R.C. 2505.03. If an order is not final and appealable, then we have no jurisdiction to review the matter being appealed and it must be dismissed. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 90; Kouns v. Pemberton (1992), 84 Ohio App.3d 499,501, jurisdictional motion overruled (1993), 66 Ohio St.3d 1489. In the event this jurisdictional issue is not raised by the parties involved with the appeal, this court may raise it on its own motion. Chef Italiano at 87; Noble v. Colwell (1989), 44 Ohio St.3d 92, 94, fn. 1; Kouns, supra.
An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met. Chef Italiano at syllabus. Civ.R. 54(B) is applicable only where the action involves multiple claims or multiple parties. Id. at 88. Civ.R. 54(B) has no application to a case that involves a single claim, or where the "claims or counts are so inextricably intertwined as to make the eventual relief sought the same." Id. at 90, fn. 5. Civ.R. 54(B) does not apply here because the sole issue is child support. See In re Berman (1990), 69 Ohio App.3d 324, 329. Accordingly, our analysis is limited to R.C. 2505.02 to determine whether the order being appealed is "final" for purposes of establishing our jurisdiction to review the order.
R.C. 2505.02 statutorily defines what constitutes a final order, and sets forth five categories of final orders, three of which are arguably relevant here: (1) those that affect a substantial right, determine an action, and prevent a judgment, (2) those that affect a substantial right and are made in a special proceeding or on a summary application after judgment, and (3) those that vacate or set aside a judgment or grant a new trial.
The trial court's order reinstating plaintiff's motion for modification of child support and returning the matter to the magistrate for a determination of child support, is not a final appealable order because it does not meet the finality requirements set forth in R.C. 2505.02. If an order fails to satisfy any of the criteria, it is not final. Kelm v. Kelm (1994), 93 Ohio App.3d 686, 690, appeal not allowed,70 Ohio St.3d 1427. Indeed, upon this court's sua sponte raising the jurisdictional issue, defendant concedes the portion of the trial court's order from which he appeals does not constitute a final appealable order.
Specifically, the trial court's order does not "determine the action," as required under the first category of R.C. 2505.02, because it refers the matter to the magistrate to determine defendant's child support obligation. See Kouns (holding a judgment that defers issue of child support for future determination is not a "final appealable order"). Nor does the order "affect a substantial right," as required under the first two categories of R.C. 2505.02. "An order affects a substantial right only if, in the absence of an immediate appeal, it forecloses appropriate relief in the future, Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60,63, 16 N.E.2d 181, 184, or prejudices one of the parties involved. Cincinnati v. Pub. Util. Comm. (1992), 63 Ohio St.3d 366, 368,588 N.E.2d 775, 776-777." Kelm at 691. Here, any alleged errors or irregularities in resurrecting plaintiff's child support motion can be remedied without substantial prejudice to defendant when the final support order is issued, the ultimate rights of the parties determined, and any appropriate appeal is taken. Id. at 690-691. We do not address defendant's appeal under the third category of R.C. 2505.02, because defendant is not appealing the portion of the trial court's decision that vacates the February 1994 child support modification order. Defendant's appeal similarly does not fall within the fourth or fifth categories of R.C. 2505.02, which relate to orders regarding provisional remedies and class actions, respectively.
Because the portion of the trial court's August 8, 2001 order that reinstates plaintiff's motion for modification of child support and refers it for a magistrate's determination of defendant's child support obligation is not a final appealable order under R.C. 2505.02, we dismiss defendant's appeal for want of jurisdiction.
The question remains whether the trial court's August 8, 2001 order constitutes a final appealable order for purposes of plaintiff's cross-appeal. Plaintiff's cross-appeal concerns the portion of the trial court's order that vacates the court's February 11, 1994 judgment increasing defendant's child support obligation from $250 per month to $1,828.27 per month. Because plaintiff's cross-appeal is from an order that "vacates or sets aside a judgment," this court has jurisdiction to consider plaintiff's cross-appeal pursuant to R.C. 2505.02(B)(3).
In her single assignment of error, plaintiff asserts the trial court erred in finding defendant's second motion to vacate judgment was not barred by the doctrine of res judicata. Plaintiff contends the trial court's dismissal of defendant's first motion to vacate judgment based upon defendant's failure to prosecute operated as an adjudication on the merits pursuant to Civ.R. 41(B)(3). Plaintiff further asserts defendant's claim of lack of jurisdiction, first raised in his second motion to vacate judgment, is barred by res judicata because: (1) the claim was inextricably intertwined with defendant's claims of lack of notice and violation of due process raised and "adjudicated" in defendant's first motion to vacate judgment, and (2) even if the claim was not previously raised, it could have been raised in defendant's first motion to vacate judgment.
Principles of res judicata did not prevent defendant from seeking relief with a second motion to vacate judgment because the judgment defendant's motion sought to vacate was void ab initio, and the court had inherent authority to vacate the judgment, regardless whether defendant moved to vacate the judgment.
In National Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60,62, certiorari denied (1991), 498 U.S. 1120, 111 S.Ct. 1075, the Supreme Court states: "[i]t has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit,'" quoting Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69. (Emphasis sic.) "The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." National Amusements at 62; in accord, Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 382 (holding the res judicata doctrine bars all claims that might have been litigated in the first action as well as those actually litigated).
Even if we assume, without deciding, defendant was precluded by res judicata from bringing a second motion to vacate the February 11, 1994 order increasing child support, the trial court had inherent authority to vacate the order because the trial court lacked personal jurisdiction over defendant to enter the order, rendering the order void ab initio.
"Fundamental due process requires `notice' to the defendant sufficient to apprise him of the action's pendency so he may present his objections thereto." Harris v. Pitts (1998), Franklin App. No. 97APF10-1293, quoting O.B. Corp. v. Cordell (1988), 47 Ohio App.3d 170, 171. In order for a court to render a valid judgment against a party, the court must have jurisdiction over the person against whom the judgment is rendered, as well as the subject matter at issue. Harris, citing Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156.
Modification of defendant's child support obligation could only be effected after the domestic relations court's continuing jurisdiction had been invoked as provided in Civ.R. 75, which requires notice pursuant to Civ.R. 4 through 4.6. Civ.R. 75(J) (formerly Civ.R. 75[I]), Sweeney v. Sweeney (1998), Franklin App. No. 98AP-66, citing Hansen v. Hansen (1985), 21 Ohio App.3d 216, appeal not allowed (1999), 84 Ohio St.3d 1488.
Here, plaintiff does not contend the trial court had jurisdiction over defendant to issue the February 11, 1994 order. Indeed, the record reflects that notice of the FCCSEA administrative hearings reviewing the parties' child support, as well as notice of the trial court's February 1994 order for increased child support, were mailed to defendant at an incorrect address in Florida, even though the agency and the court had defendant's correct address. Moreover, service to defendant in care of the Florida Child Support Enforcement Agency did not satisfy the service requirements. Because the record does not indicate defendant received notice of the hearings or the trial court's order increasing his child support obligation, service of process on defendant, as required by Civ.R. 75(J), failed.
Where the notice requirements under Civ.R. 75(J) were not met, the court's continuing jurisdiction was not invoked, the court lacked personal jurisdiction over defendant, and therefore it could not consider modification of child support. Rondy v. Rondy (1983), 13 Ohio App.3d 19,21-22; Sweeney, supra. Lacking such jurisdiction, the court was without power to issue a valid, binding judgment against defendant. Rondy at 22; Harris, supra. A judgment which is issued where the trial court lacks personal jurisdiction of a necessary party to the action is a nullity and void ab initio. Harris; Sweeney; Rondy at 22. Court orders which are void ab initio may be attacked and impeached at any time, either by direct or collateral proceeding. Rondy at 21. Further, irrespective of whether a party moves to vacate a judgment, Ohio courts have inherent authority to vacate a void judgment. Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph four of syllabus; Sweeney, supra.
Accordingly, the trial court here had the authority to vacate, and did not err in vacating, the February 11, 1994 child support modification order, which was void ab initio and subject to vacation due to lack of service on defendant of the proceedings. Sweeney, supra. Plaintiff's single assignment of error on cross-appeal is overruled.
Having dismissed defendant's appeal for want of jurisdiction, and overruling plaintiff's assignment of error on cross-appeal, the judgment of the trial court is affirmed.
Judgment affirmed.
DESHLER and KLATT, JJ., concur.