JOURNAL ENTRY AND OPINION.
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas and the briefs filed by the parties.
 {¶ 2} Plaintiff-appellant, Charles Barth, and defendant-appellee, Eleanor Barth, were divorced on October 13, 1994. Subsequently, the parties appeared in court on numerous occasions in regard to the issue of spousal support.
 {¶ 3} In February, 2002, appellant attained 65 years of age. In light of his age, appellant filed a motion to modify spousal support, arguing that an earlier court order terminated his support obligation as of his 65th birthday. In response, appellee filed a motion to show cause and to modify spousal support. Appellant then filed a motion to terminate spousal support.
 {¶ 4} In a decision dated April, 2003, the magistrate ruled upon the motions and terminated appellant's spousal support obligation effective February 15, 2002, when appellant reached 65 years of age. Appellee filed objections to the magistrate's report, however, and the trial court subsequently sustained appellee's objections. In its order, the trial court stated:
 {¶ 5} "The Court finds that it is clearly and patently erroneous and not consistent with the prior orders of the Court, for the Plaintiff's spousal support obligation to automatically and finally cease upon the Defendant attaining the age of 65. The clear intent of the Court's original order, and all subsequent orders, was for the amount of Plaintiff's spousal support obligation to be modifiable upon the Defendant attaining the age of 65, not terminated.
 {¶ 6} "The Court finds, however, that after being appraised of all the facts and circumstances of both parties in a full hearing, the Court may decide that Plaintiff's spousal support obligation should be modified to zero and/or terminated, retroactive to the date the Defendant attained the age of 65. But this [is] a factual issue to be decided after a full hearing on the merits, not a legal issue to [be] decided summarily, as was erroneously done in this case.
 {¶ 7} "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant's Objections filed April 24, 2003 to the Magistrate's Decision be sustained and the matter shall be referred back to the Magistrate for a full hearing on Plaintiff's Motion to Modify Spousal Support #87635 and Motion to Terminate Spousal Support #93902 and Defendant's Motion to Show Cause #92058 and Motion to Modify Spousal Support #92057."
 {¶ 8} Timely appealing from this order, appellant raises two issues for our review. We dismiss, however, for lack of jurisdiction.
 {¶ 9} Article IV, Section 3(B)(2) of the Ohio Constitution limits this court's appellate jurisdiction to the review of final orders. Absent a final order, this court is without jurisdiction to affirm, reverse or modify an order from which an appeal is taken. General Acc. Ins. Co. v.Ins. Co. of North America (1989), 44 Ohio St.3d 17, 20. R.C. 2505.02, as relevant to this case, defines a final order as "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B0(1).
 {¶ 10} Here, the trial court's order neither determined the action nor prevented a judgment. The order clearly referred the matter back to the magistrate for a hearing on the merits of the competing motions. Accordingly, judgment on the motions is yet to be rendered. Therefore, we do not have a final appealable order and must dismiss for lack of jurisdiction.
Appeal dismissed.
Michael J. Corrigan, P.J. and Anthony O. Calabrese, Jr., J. Concur.