OPINION
{¶ 1} Defendant-Appellant Larry J. Hartley ("Larry") appeals from the May 19, 2006 Judgment Entry of the Court of Common Pleas of Marion County, Family Division, adopting the April 21, 2006 Magistrate's Decision temporarily suspending Larry's spousal support obligation to Plaintiff-Appellee Kerry L. Hartley ("Kerry") effective April 19, 2006.
 {¶ 2} Pursuant to the parties' June 16, 2003 Judgment Entry of Divorce, Kerry was to have the marital residence and was to assume and be responsible for the first and second mortgage on said property. Kerry was to hold Larry harmless thereon, and Larry was to quit claim his interest on said property to Kerry. Additionally, Larry was to pay $1,300 per month in spousal support to Kerry.
 {¶ 3} On November 2, 2005 Larry filed a motion for contempt and motion for modification of spousal support. Specifically, Larry requested that the court find Kerry in contempt for failing to pay him $1,000 at $100 per month pursuant to the court's June 16, 2003 and February 28, 2005 Judgment Entries. Larry also requested that the court terminate his spousal support obligation of $1,300 per month effective August 1, 2005 due to a change in his income as a result of unemployment.
 {¶ 4} These motions were set for hearing on November 22, 2005 and a pre-trial was held on that date. At this hearing Kerry requested a continuance so as to obtain counsel. The court granted a continuance and scheduled a final contested hearing for February 9, 2006. On January 30, 2006 Larry filed an amended motion for contempt and motion for modification of spousal support requesting that the court find Kerry in contempt for failing to pay the second mortgage on the marital residence property and failing to hold him harmless of the debt to Marion Bank for the mortgage on said property. At the hearing on February 9, 2006 Kerry again requested a continuance of the hearing to seek court-appointed counsel. The court granted a continuance and set this matter for hearing on April 19, 2006.
 {¶ 5} At the April 19, 2006 hearing the Magistrate heard testimony from both Larry and Kerry. At the close of evidence, the Magistrate found Kerry in contempt of the court's June 6, 2003 and February 28, 2005 Judgment Entries for failure to pay the mortgage on the marital property and failure to pay the entire agreed reimbursement of $1,000 to Larry. However, the Magistrate provided Kerry with an opportunity to purge herself of the contempt by paying $100 per month to Larry after Larry resumed his spousal support obligations. In the April 21, 2006 Magistrate's Decision, the Magistrate also found as follows:
 "Defendant's spousal support obligation shall be temporarily suspended effect [sic] April 19, 2006, with the April 2006, monthly payment amount to be prorated through the date of this hearing. Defendant's spousal support obligation shall resume immediately upon Defendant's resolution of his wrongful discharge action from employment or the Defendant's return to gainful employment, whichever shall occur first. The Court will review Defendant's request to modify spousal support at that time."
 {¶ 6} On April 25, 2006, the trial court issued a Judgment Entry adopting the April 21, 2006 Magistrate's Decision as an Order of the Court. On May 5, 2006 Larry filed Objections to the Magistrate's Decision as permitted by Civ.R. 53(D)(3)(b) and set forth in the April 21, 2006 Magistrate's Decision. The trial court issued a Judgment Entry on May 19, 2006 overruling Larry's objections and again adopting the April 21, 2006 Magistrate's Decision as an Order of the Court.
 {¶ 7} Larry now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE DECISION OF THE MAGISTRATE TO SUSPEND SPOUSAL SUPPORT EFFECTIVE ON THE DATE OF THE HEARING OF APRIL 19, 2006 WAS AN ABUSE OF DISCRETION IN THAT IT WAS AN ERROR IN LAW OR JUDGMENT AND THAT THE JUDGMENT OF THE COURT WAS UNREASONABLE, ARBITRARY AND UNCONSCIONABLE. {¶ 8} In his sole assignment of error, Larry contends that the trial court abused its discretion and erred in deciding that the effective date for the suspension of his spousal support would be effective only commencing on April 19, 2006, especially in light of the fact that Kerry was on notice of his motion since November 2, 2005.
 {¶ 9} Prior to reviewing Larry's sole assignment of error, we must first determine whether the May 19, 2006 Judgment Entry adopting the April 21, 2006 Magistrate's Decision is a final appealable order subject to our review.
 {¶ 10} Appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district. See, generally, Section3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. The issue of jurisdiction to hear an appeal may be raised sua sponte. See Davison v.Rini (1996), 115 Ohio App.3d 688, 692, 686 N.E.2d 278. However, absent a final order, this court is without jurisdiction to affirm, reverse or modify an order form which an appeal is taken. Barth v. Barth 8th Dist. No. 83063, 2003-Ohio-5661. A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order. Circelli v. Keenan Constr. (2006), 165 Ohio App.3d 494, 500,847 N.E.2d 39.
 {¶ 11} R.C. 2505.02(B) provides, in relevant part, as follows:
 An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy . . .
We note that only the first two categories of orders are relevant to our present determination.
 {¶ 12} In order to be a final order under the first category of R.C.2505.02(B), an order must affect a substantial right, determine the action, and prevent a judgment before it may be considered a final appealable order. If an order fails to satisfy any of these three criteria, it is not final. Kelm v. Kelm (1994), 93 Ohio App.3d 686,690-691, 639 N.E.2d 842 citing Stewart v. Midwestern Indemn. Co. (1989),45 Ohio St.3d 124, 126, 543 N.E.2d 1200.
 {¶ 13} In the present case, the trial court's May 19, 2006 Judgment Entry adopting the April 21, 2006 Magistrate's Decision does not determine the action as the order was clearly temporary in nature. Specifically, we note that the court only temporarily suspended Larry's spousal support obligation until the resolution of his wrongful discharge action from employment or his return to gainful employment. Additionally, we find that because the court clearly contemplated further proceedings with respect to Larry's motion for modification of spousal support, the Judgment Entry is not a final appealable order. SeeGarvin v. Garvin 4th Dist. No. 02CA23, 2004-Ohio-3626.
 {¶ 14} Under the second category of R.C. 2505.02(B), an order is final if it is made in a special proceeding and affects a substantial right. Not only was the judgment entry appealed from herein not made in a special proceeding, but it does not affect a substantial right. An order affects a substantial right only if, in the absence of an immediate appeal, it forecloses appropriate relief in the future or prejudices one of the parties involved. Kelm v. Kelm (1994), 93 Ohio App.3d 686 at 691
citing Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60,616 N.E.2d 181; Cincinnati v. Pub. Util. Comm. (1992), 63 Ohio St.3d 366,588 N.E.2d 775.
 {¶ 15} As noted, because the Judgment Entry concerns only the temporary suspension of spousal support and the court clearly expressed its intent to reserve any ruling as to the merits of Larry's motion for modification of spousal support, any errors can be effectively remedied without prejudice to either Larry or Kerry when the court reviews the motion upon Larry's return to employment.
 {¶ 16} Based on the foregoing, we must conclude that the May 19, 2006 Judgment Entry adopting the April 21, 2006 Magistrate's Decision temporarily suspending Larry's spousal support obligation to Kerry effective April 19, 2006 is not a final appealable order under R.C.2505.02, and accordingly we must dismiss Larry's appeal for want of jurisdiction.
Appeal dismissed.
ROGERS, P.J., and WALTERS, J., concur.
(Walters, J., sitting by assignment in the Third Appellate District.)