Hall China Company et al., Appellants, *v.* Public Utilities Commission of Ohio et al., Appellees.

(No. 76-1040—Decided June 15, 1977.)

208

*Messrs. Steer, Strauss, White & Tobias, Mr. Robert J. White, Mr. F. Bruce Abel, Mr. David F. Boehm* and *Mr. Jay J. Dudley,* for appellants.

*Mr. William J. Brown,* attorney general, *Mr. Charles S. Rawlings* and *Mr. Samuel C. Randazzo,* for appellee.

*Mr. James L. Fullin, Mr. Roger C. Post* and *Mr. Thomas J. Brown, Jr.,* for intervening-appellee Columbia Gas of Ohio, Inc.

*Per Curiam.* An appeal from the Public Utilities Commission to the Supreme Court is predicated upon the finality of the order. In pertinent part, R. C. 4903.13 reads:

"A final order made by the Public Utilities Commission shall be reversed, vacated, or modified by the Supreme Court on appeal, if, upon consideration of the record, such court is of the opinion that such order was unlawful or unreasonable."

R. C. 2505.02 defines "final order" as:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding * * *."

A proceeding before the commission is a special proceeding for the purpose of R. C. 2505.02. *Cleveland, Columbus & Cincinnati Highway* v. *Pub. Util. Comm.* (1943), 141 Ohio St. 634. Therefore, an order of the commission affecting a "substantial right" of a party is final and appealable pursuant to R. C. 4903.13. Thus, crucial to the propriety of this appeal is the determination whether a "substantial right" of Hall China has been affected by the commission's entry of July 14, 1976.

Hall China alleges that the July 14, 1976, entry of the commission effectuates, by its interpretation of R . C. 4905.-302, the retroactive surcharge of August 1, 1976, thereby prejudicing a substantial right of Hall China. An analysis of the facts and circumstances of this case reveals no effect upon any "substantial right" of Hall China as a result of the entry of July 14, 1976. Although Columbia has proceeded via the increased tariff with the recovery of the cost of the emergency gas from the curtailed customers, including Hall China, Columbia has been required to file an undertaking. The terms of this undertaking protect Hall China and others from loss if, upon the commission's final determination, the contested rates are held invalid or inapplicable. The certainty of the impairment of a "substantial right" caused by the commission's order as found in *Cleveland, Columbus & Cincinnati Highway* v. *Pub. Util.*

*Comm., supra,* is not presented in this case. In the instant case, the effect upon the "substantial right" of Hall China is clearly contingent upon a final decision by the commission. Until the final decision is rendered, Hall China is protected from loss by Columbia's undertaking.

Furthermore, the constitutional question of retroactivity raised by Hall China relates not to R. C. 4905.302 *per se,* but is dependent upon the commission's interpretation and application. Since the matter is still under consideration and subject to modification, the commission's final decision may render moot the present question of retroactivity.

Finally, Ohio law abounds with precedent to the effect that constitutional issues should not be decided unless absolutely necessary. *State, ex rel. Herbert,* v. *Ferguson* (1944), 142 Ohio St. 496. The necessity is not apparent where both the mootness of the issue of retroactivity and the existence of an effect upon a substantial right are dependent upon the commission's interpretation and application of R. C. 4905.302 *in futuro.*

The appeal being prematurely and improperly taken from the nonfinal entry of July 14, 1976, the appeal is dismissed.

*Appeal dismissed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, STERN, SWEENEY and LOCHER, JJ., concur.

STERN, J., retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution, sitting for P. BROWN, J.