OHIO DOMESTIC VIOLENCE NETWORK, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *Ohio Domestic Violence Network v. Pub. Util. Comm.* (1992), 65 Ohio St.3d 438.]

(No. 92–1435—Submitted November 10, 1992—Decided December 11, 1992.)

*Hahn, Loeser & Parks, Janine L. Migden, Maureen R. Grady* and *Randy J. Hart,* for appellant.

*Lee I. Fisher,* Attorney General, *James B. Gainer* and *Ann E. Henkener,* Assistant Attorneys General, for appellee.

*Charles S. Rawlings* and *William H. Hunt,* for intervening appellee, Ohio Bell Telephone Company.

*Per Curiam.*  The commission argues that ODVN lacks standing to bring this appeal.  We agree and, for the reasons which follow, grant the commission's motion to dismiss.

In *Ohio Contract Carriers Assn. v. Pub. Util. Comm.* (1942), 140 Ohio St. 160, 23 O.O. 369, 42 N.E.2d 758, syllabus, we held that "[a]ppeal lies only on behalf of a party aggrieved by the final order appealed from.  Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant."  We explained that a "final order" under former G.C. 544, now R.C. 4903.13, is one "affecting a substantial right" (see R.C. 2505.02; *Hall China Co. v. Pub. Util. Comm.* [1977], 50 Ohio St.2d 206, 4 O.O.3d 390, 364 N.E.2d 852), and characterized the interest necessary to create a substantial right as a " 'present interest' " and an " 'immediate and pecuniary' " interest.  *Id.,* 140 Ohio St. at 161–162, 23 O.O. at 369–370, 42 N.E.2d at 759.  Accord *East Ohio Gas Co. v. Pub. Util. Comm.* (1988), 39 Ohio St.3d 295, 530 N.E.2d 875, wherein we also recognized that an order may be final as to one party but not to another.

The orders complained of in this proceeding did not authorize Ohio Bell to implement the services proposed, but made implementation contingent upon

its willingness to accept the terms and conditions imposed by the commission. This acceptance was to be manifested by the filing of revised applications. Because the revised filings have not been made or approved in this proceeding, Ohio Bell does not have the authority to provide the proposed services and ODVN's present and immediate interests have not been affected. Clearly, if we were to decide the merits of the commission's orders on the basis of the record before us, we would be rendering the type of advisory opinion which we found improper in *Ohio Contract Carriers Assn.* Accordingly, we conclude that the orders complained of did not affect ODVN's substantial rights, that the order is not final and appealable as to ODVN, and that ODVN lacks standing to bring this appeal.

*Appeal dismissed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.