This is an appeal from a judgment of the Wood County Court of Common Pleas which, following a jury trial, entered judgment on behalf of appellant, Kimberly Dey Duvall. For the reasons stated herein, this court reverses the judgment of the trial court.
Appellant sets forth the following assignment of error:
 "THE TRIAL COURT ERRED BY ALLOWING THE INTRODUCTION OF EVIDENCE THAT PLAINTIFF RECEIVED SICK PAY BENEFITS AND SUBSEQUENTLY INSTRUCTING THE JURY THAT IT WAS PERMITTED TO TAKE SUCH BENEFITS INTO ACCOUNT IN RENDERING ITS VERDICT."
The following facts are relevant to this appeal. On September 18, 1997, appellant filed a complaint for personal injuries against appellee, Julius Minor, as well as Ethel Minor, who owned the vehicle appellee was driving, and two other defendants in regard to an automobile accident. According to the complaint, the accident occurred when appellee backed his vehicle into appellant's vehicle. Appellee and Ethel Minor filed an answer and cross-claim against the other defendants, asserting that one of the other defendants was the cause of the accident that occurred when appellee backed up to avoid a collision with a tractor-trailer driven by this defendant. The case proceeded to trial in August 1998 and on August 20, 1998, the jury returned a verdict against appellee in the amount of $4,389.27 and returned a verdict in favor of the two other defendants named in appellant's complaint. Appellant filed a timely notice of appeal.
In her assignment of error, appellant argues that the trial court erred in allowing introduction of evidence that she received sick pay benefits and also that the trial court erred in instructing the jury that it was permitted to take such benefits into account in rendering its verdict. This court finds merit in the second part of this assignment of error.
In regard to the first part of appellant's assignment of error, appellant argues that the trial court erred by allowing evidence that she received sick pay benefits. However, appellant agreed to a stipulation relative to her sick pay and is bound as to all matters of fact and law concerned in the stipulation. State ex rel.Warner v. Baer (1921), 103 Ohio St. 585. By virtue of the stipulation by the parties relative to the appellant's sick pay, any error in admission of this evidence was invited by the appellant. Being invited error, appellant cannot now complain seeking to undo that error and any prejudice it may have caused at trial. State v. Kniep (1993), 87 Ohio App.3d 681, 686. Accordingly, that part of appellant's assignment of error in which she argued that the trial court erred by allowing evidence that she received sick pay benefits is found not well taken.
In regard to the second part of her assignment of error, appellant argues that the trial court erred in its instruction to the jury that it could take sick pay benefits into account in rendering its verdict. Appellant bases her argument on R.C.2317.45(B), consideration of collateral benefits in tort actions, which became effective on January 27, 1997.[1] R.C.2317.45(B) provides:
 "In determining the amount of the compensatory damages that are recoverable by the plaintiff in a tort action, the trier of fact shall consider, if presented in the tort action, relevant collateral benefits that have been paid, or that the source of the benefits has acknowledged are payable, from insurance other than insurance for which the plaintiff, spouse of the plaintiff, or parent of the plaintiff if the plaintiff is a minor, has paid a premium, insurance that is subject to a right of subrogation, workers' compensation benefits that are subject to a right of subrogation, or insurance that has any other obligation of repayment, including, but not limited to, evidence of the amount of the collateral benefit and of the costs, premiums, or charges for the collateral benefits."
Therefore, because R.C. 2317.45(B) only applies to collateral benefits received from insurance and because appellant received the sick pay benefits from her employer, these benefits were not benefits from insurance. Appellee argues that appellant's sick pay was as a result of appellant's employment contract and therefore falls within the realm of R.C. 2317.45(B). This court does not agree with the analysis.
A tortfeasor is not entitled to have the amount of damages reduced where the injured person continues to receive the same salary, especially where the days off are charged against the accumulated sick and annual leave credits of the employee, resulting in the extinguishment of such credit. Rigney v.Cincinnati St. Ry. Co. (1954), 99 Ohio App. 105, 112.
Accordingly, that part of appellant's assignment of error in which she argued that the trial court erred in its instruction to the jury that it could take sick pay benefits into account in rendering its verdict is found well taken.
On consideration whereof, the decision of the Wood County Court of Common Pleas is affirmed, in part, and reversed, in part. This case is remanded to the trial court for further proceedings not inconsistent with this opinion. Court costs of this appeal are divided equally between the parties.
JUDGMENT AFFIRMED, IN PART,
 AND REVERSED, IN PART.
 Duvall v. Minor WD-98-064
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J._____ _______________________________ JUDGE
Melvin L. Resnick, J._______ _______________________________ JUDGE
James R. Sherck, J.________ _______________________________ JUDGE CONCUR.
[1] Although appellant also advances an argument that the collateral source provisions of R.C. 2317.45 infringe upon ArticleIV, § 5(B) of the Ohio Constitution, this court will not address this constitutional argument because this court is reversing the trial court judgment based upon an incorrect jury instruction. It is a well established precedent that constitutional issues should not be decided unless absolutely necessary. State ex rel. Herbertv. Ferguson (1944), 142 Ohio St. 496, paragraph two of the syllabus; Hall China Co. v. Pub. Util. Comm. (1977), 50 Ohio St.2d 206,210; In re Miller (1992), 63 Ohio St.3d 99, 110.