DECISION AND JUDGMENT ENTRY
Mike Walker appeals the judgment entered by the Gallipolis Municipal Court. He argues that the trial court erred because it did not have the authority to order him to appear in court if he did not make payments pursuant to the court order. We disagree because the trial court did not enter such an order. Walker also argues that (1) the trial court erred by failing to notify him that his income was exempt from garnishment, (2) the trial court did not have the authority to order him to work for Jim Lindeman, and (3) the trial court erred by entering a judgment for one thousand three hundred fifty dollars. We decline to address these arguments because they are moot and not capable of repetition, yet evading review. Accordingly, we affirm the judgment of the trial court.
 I.
Jim Lindeman, dba Great American, filed a complaint against Walker in the Gallipolis Municipal Court. He alleged that Walker misappropriated equipment. At trial, Lindeman testified that Walker had admitted that he owed Lindeman one thousand three hundred fifty dollars and had been "working off" the debt. Lindeman explained that Walker had become unable to work for him because Walker had begun working for the Department of Human Services. The court agreed to issue an order requiring Walker to work for Lindeman twenty hours per week. Then Walker testified that he had been willing to work for Lindeman and would have preferred to continue working rather than come to court. Walker did not object to the court's decision or make any arguments concerning the court's authority to order him to work for Lindeman.
In its written decision, the court entered judgment against Walker for one thousand three hundred fifty dollars, and ordered Walker to work twenty hours a week "as agreed with plaintiff." The entry contains a paragraph of pre-printed material that orders the defendant to appear in. court on the first Monday of each month at 1:30 if he has not made the payment ordered by the court. However, it is unclear whether the court checked that paragraph or checked it and then crossed it out. Pursuant to our order, the trial court clarified the original judgment entry by filing an entry indicating the trial judge mistakenly checked the paragraph and corrected the mistake by crossing it out. In this entry, the trial court also indicated that "all of this may be moot in that in a subsequent entry * * *, the plaintiff asked that the case be closed as the judgment had been satisfied." The trial court attached a copy of its entry closing the case.
We then ordered the parties to file supplemental briefs on the issue of whether this appeal is moot. In this brief, Walker agrees that his fourth assignment of error is moot. He also concedes that the trial court did not enter the order that he complains is in error in his first assignment of error. However, he asserts that his second and third assignments of error are capable of repetition, yet evading review.
In his appeal, Walker asserts the following assignments of error:
 I. THE TRIAL COURT ERRED AND EXCEEDED ITS LAWFUL AUTHORITY BY ORDERING THE APPELLANT TO APPEAR IN COURT IF HE DID NOT MAKE A PAYMENT PURSUANT TO THE COURT ORDERED PAYMENT PLAN AND THREATENING HIM WITH ARREST IF HE DID NOT PAY OR APPEAR.
 II. THE TRIAL COURT ERRED AND DENIED APPELLANT DUE PROCESS OF LAW BY FAILING TO INFORM HIM THAT HIS INCOME WAS EXEMPT FROM COLLECTION BY COURT PROCESS, BY FAILING TO PROVIDE THE APPELLANT NOTICE OF HIS RIGHT TO A HEARING TO ESTABLISH THE EXEMPTION, AND BY ORDERING HIM TO APPEAR IN COURT IF HE DID NOT PAY.
 III. THE TRIAL COURT ERRED AND EXCEEDED ITS LAWFUL AUTHORITY IN ORDERING THE APPELLANT TO WORK FOR THE APPELLEE TO SATISFY THE JUDGMENT.
 IV. THE TRIAL COURT ERRED AS TO THE AMOUNT OF THE JUDGMENT GRANTED BASED ON THE INFORMATION SUBMITTED AT THE HEARING.
 II.
In his first assignment of error, Walker asserts that the trial court did not have the authority to order him to appear in court on the first Monday of each month at 1:30 if he has not made the payment ordered by the court. We find that the trial court did not enter such an order. Pursuant to our order, the trial court clarified the original judgment entry by filing an entry indicating that the box next to the paragraph purporting to make such an order had been checked by mistake, but corrected it by crossing out the check-mark. Thus, we overrule appellant's first assignment of error.
 III.
Walker concedes that his fourth assignment of error is moot. However, he argues that his second and third assignments of error are capable of repetition, yet evading review.
Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant; there must generally be a "present interest" in the appeal. Ohio Domestic Violence Network v. Pub. Util.Comm. (1992), 65 Ohio St.3d 438, 439. See, also, State ex rel.Gabriel v. Youngstown (1996), 75 Ohio St.3d 618, 619. Here, Walker arguably possesses no "present interest" in the resolution of the issues raised by this appeals since he has paid the judgment and the trial court closed the case from which he appeals.
A court may rule on an otherwise moot case "where the issues raised are `capable of repetition, yet evading review.'"State ex rel. Beacon Journal Publishing Co. v. Donaldson (1992), 63 Ohio St.3d 173 [163 Ohio St.3d 173], 175, quoting State ex rel.Plain Dealer Publishing Co. v. Barnes (1988), 38 Ohio St.3d 165, paragraph one of the syllabus.
 A.
Walker asserts that the issue in his second assignment of error is readily capable of repetition because the court's form entry does not have a provision giving the judgment debtor notice of the right to request a hearing to determine whether their income is exempt from garnishment or other forms of court ordered payment. He asserts that this issue will evade review because small claims cases usually do not involve attorneys, who are knowledgeable about exemptions from court ordered payments.
This issue is not capable of repetition, yet evading review simply because it may continue to exist and may not be appealed. This issue could be reviewed in another case if the judgment debtor seeks a stay of the court ordered payments or does not pay the entire judgment before the issue is resolved by an appellate court. Thus, we find that Walker's second assignment of error is moot and decline to review it.
 B.
Walker argues that his third assignment of error is capable of repetition, yet evading review because "[i]t is capable of repetition and if the Court finds the issue to be moot, the review will be evaded." This issue is not capable of repetition, yet evading review simply because it may continue to exist and we do not review it in this appeal. This issue could be reviewed in another case if the judgment debtor seeks a stay of the court ordered payments or does not pay the entire judgment before the issue is resolved by an appellate court. Thus, we find that Walker's third assignment of error is moot.
 IV.
In sum, we overrule Walker's first assignment of error. The remainder of the assignments of error are moot. Accordingly, we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the GALLIPOLIS MUNICIPAL COURT to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Evans, J.:, Concur in Judgment and Opinion.
For the Court
 ___________________________________ Roger L. Kline, Presiding Judge