OPINION
{¶ 1} Appellant, LeeAnn Cornett, appeals a decision of the Warren County Court of Common Pleas, Juvenile Division, terminating her parental rights and awarding custody of her son, Cody Lee Cornett, to Warren County Children Services Board ("WCCSB"). We affirm the decision of the trial court.
 {¶ 2} Cody was born on September 27, 1995 to appellant and Lee Cornett. In 1996, appellant was arrested for prostitution, while Cody was with her. Cody was then placed with Lee. Cody remained with his father until November 2000 when Lee was arrested for shoplifting. Lee was intoxicated at the time. Appellant could not be located and Cody was placed in the custody of WCCSB. Both parents have substance abuse problems which include alcohol and drug use.
 {¶ 3} Appellant was eventually located and a case plan was developed with the goal of reuniting her with Cody. The case plan required that she attend parenting classes, complete a mental health evaluation, complete a drug and alcohol evaluation and follow through with any recommendations, attend mother's group, obtain stable housing and employment and be subject to random drug and alcohol screenings. Appellant largely complied with these requirements and eventually was granted unsupervised visitation with Cody, Monday through Friday.
 {¶ 4} In February 2002 appellant relapsed and again began abusing crack cocaine. Her visits with Cody were suspended when she missed a counseling session and failed a drug screen. She was residing in a hotel and was not employed. By January 2003, when the final permanent custody hearing took place, she had moved into a one-bedroom apartment with her boyfriend. She returned to Narcotics Anonymous, and at that time, asserted that she had not used drugs in six months.
 {¶ 5} At the permanent custody hearing, the trial court heard the testimony of both parents, WCCSB caseworker Tracey Turley, clinical social worker Elizabeth Bierstein, and Cody's foster parents, among others. The court also heard the recommendations of the guardian ad litem, who advocated that it was in Cody's best interest that the motion for permanent custody be granted. The trial court granted the motion for permanent custody, emphasizing Cody's need for a secure and stable placement, and appellant's inability to provide such a placement. She appeals, raising five assignments of error.
Assignment of Error No. 1
 {¶ 6} "THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO WARREN COUNTY CHILDREN SERVICES BOARD BECAUSE THE WARREN COUNTY CHILDREN SERVICES BOARD DID NOT PROVE BY CLEAR AND CONVINCING EVIDENCE THAT PERMANENT CUSTODY WAS WARRANTED IN THIS CASE AND THE DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Assignment of Error No. 2
 {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING PERMANENT CUSTODY TO WARREN COUNTY CHILDREN SERVICES BOARD BECAUSE THE MOTHER/APPELLANT, LEANN CORNETT, HAS RECTIFIED THE REASON WHY CODY LEE CORNETT WAS TAKEN FROM HER CARE AND THE MINOR CHILD, CODY LEE CORNETT, COULD BE PLACED BACK IN THE MOTHER'S CARE WITHIN A REASONABLE TIME, PURSUANT TO O.R.C. 2151.414(B)."
Assignment of Error No. 4
 {¶ 8} "THE TRIAL COURT ERRED WHEN IT GRANTED PERMANENT CUSTODY TO WARREN COUNTY CHILDREN SERVICES BOARD BECAUSE WARREN COUNTY CHILDREN SERVICES BOARD DID NOT MAKE A GOOD FAITH EFFORT WITH EITHER PARENT TO HELP REUNIFY THE MINOR CHILD, CODY LEE CORNETT, WITH HIS PARENTS AND THE DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 9} Because appellant's first, second, and fourth assignments of error are interrelated, each alleging that the trial court's decision was contrary to the evidence, we will consider them together.
 {¶ 10} Natural parents have a constitutionally protected liberty interest in the care and custody of their children. Santosky v. Kramer
(1982), 455 U.S. 745, 102 S.Ct. 1388. A motion by the state for permanent custody seeks not merely to infringe that fundamental liberty interest, but to end it. Id. at 759, 102 S.Ct. at 1397. Therefore, in order to satisfy due process, the state is required to prove by clear and convincing evidence that the statutory standards have been met. Id. at 769, 102 S.Ct. at 1403. Clear and convincing evidence requires that the proof produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} Before granting permanent custody of a child to the state, the trial court is required to make specific statutory findings. A reviewing court must determine whether the trial court followed the statutory factors in making its decision or abused its discretion by deviating from the statutory factors. In re William S., 75 Ohio St.3d 95,1996-Ohio-182.
 {¶ 12} When a state agency moves for permanent custody, the trial court is required, in part, to determine "if it is in the best interest of the child to permanently terminate parental rights and grant permanent custody to the agency that filed the motion."[1] R.C. 2151.414(A)(1). In making the best interest determination, the trial court must consider all relevant factors, including but not limited to the following factors enumerated in R.C. 2151.414(D):
 {¶ 13} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 14} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 15} "(3) The custodial history of the child, including
whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 16} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 17} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 18} Considering these factors, the trial court concluded that it was in Cody's best interest that the motion for permanent custody be granted. Upon examination of the record, we find that the trial court's determination that it is in Cody's best interest to be permanently placed in the custody of WCCSB is supported by clear and convincing evidence, and thus not contrary to the manifest weight of the evidence.
 {¶ 19} As noted by the trial court, appellant made significant progress toward completing her case plan requirements. However, in spite of her significant progress, appellant relapsed in February 2002, and was again abusing drugs. She was unemployed and homeless. Appellant refused to submit to a drug test as required by her case plan and failed to attend counseling. She had not visited Cody between her relapse in February 2002 and the permanent custody hearing in October 2002. By the time of the final hearing on the motion in January 2003, she was living in a one-bedroom apartment with her boyfriend and was doing light housekeeping. She testified that she had not used drugs since June 2002. However, she further testified that she was neither emotionally nor financially able to care for Cody.
 {¶ 20} Cody has been in the custody of WCCSB since November 2000. He has been with three foster families and was placed with his present foster family in September 2001. Although bonded with his mother, Cody has also developed a close bond with his foster family. Cody is in need of a secure and stable placement. The guardian ad litem also advocated in favor of granting the motion for permanent custody, concluding that appellant had failed to take advantage of the services offered her.
 {¶ 21} Given these facts, we agree with the trial court's conclusion that in spite of appellant's very recent efforts to obtain housing, employment, and to remain drug free, granting the motion for permanent custody was in Cody's best interest. Appellant remains unable to provide for Cody in spite of the case plan services offered her. And although she had earlier made progress toward completing the case plan requirements, at the time of the hearing on the motion, she had failed to refrain from using drugs, failed to submit to drug testing, failed to provide a clean drug screen, and failed to maintain stable housing and employment, all case plan requirements.
 {¶ 22} We find that the trial court's decision is supported by clear and convincing evidence, and consequently overrule the first, second and fourth assignments of error.
Assignment of Error No. 3
 {¶ 23} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING PERMANENT CUSTODY TO WARREN COUNTY CHILDREN SERVICES BOARD BECAUSE THE TRIAL COURT DID NOT CONSIDER ALL RELEVANT FACTORS OF WHAT IS IN THE BEST INTEREST OF THE MINOR CHILD, CODY LEE CORNETT, PURSUANT TO O.R.C.2151.414(D)."
 {¶ 24} In her third assignment of error, appellant alleges that the trial court failed to consider all of the relevant factors contained in R.C. 2151.414(D) relating to the child's best interest. In particular, appellant alleges that the trial court failed to consider Cody's interaction and interrelationship with appellant, as required by R.C. 2151.414(D)(1).
 {¶ 25} Contrary to appellant's assertion, review of the trial court's decision reveals that this factor was appropriately considered. The trial court's decision states: "Cody has good interaction with his Mother during their visits. Cody is bonded to his parents. Cody would be anxious after visits." Understandably, appellant would have preferred that the trial court give greater weight to this particular factor. However, it is but one of many factors that the trial court must consider under R.C. 2151.414(D) when making the best interest determination. Upon review of the trial court's decision, we are firmly convinced that the trial court considered all relevant factors related to Cody's best interest when deciding the permanent custody motion.
 {¶ 26} The assignment of error is overruled.
Assignment of Error No. 5
 {¶ 27} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED PERMANENT CUSTODY TO WARREN COUNTY CHILDREN SERVICES BOARD BECAUSE WARREN COUNTY CHILDREN SERVICES BOARD INHIBITED AND PREVENTED THE FATHER, LEE CORNETT, FROM PARTICIPATING IN THE CASE PLAN UNLESS HE VIOLATED HIS CONSTITUTIONAL RIGHT AGAINST SELF-INCRIMINATION."
 {¶ 28} In her final assignment of error, appellant alleges that the trial court erred to the prejudice of the father, Lee Cornett, by granting the permanent custody motion. Cornett failed to participate in the permanent custody hearing and has not perfected an appeal of the trial court's decision.
 {¶ 29} Because appeals exist to correct errors injuriously affecting an appellant, Ohio law only permits a party to appeal a decision of the court when she has proven that she is aggrieved by that decision. In re Hiatt (1993), 86 Ohio App.3d 716, 721-722 citing OhioDomestic Violence Network v. Pub. Util. Comm. (1992), 65 Ohio St.3d 438,439. An appellant lacks standing to challenge an alleged error committed against a nonappealing party absent a showing that she herself has been prejudiced by the alleged error. Id. citing In re Smith (1991),77 Ohio App.3d 1, 13.
 {¶ 30} In the present matter, appellant has made no such showing, but has instead merely asserted that Cornett's constitutional rights were violated. Because appellant lacks standing to raise this issue on appeal, we overrule the fifth assignment of error.
Judgment affirmed.
YOUNG, P.J., and BROGAN, J., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
[1] The trial court must further find that one of the factors enumerated in R.C. 2151.414(B) applies. As relevant to the present case, the trial court found pursuant to R.C. 2151.414(B)(1)(d), that Cody had been in the custody of the WCCSB for twelve or more months of the 22-month period ending May 18, 1999. Appellant does not take issue with this conclusion.