[Cite as *State v. Jackson*, 2012-Ohio-5843.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2012-04-094 |
| | : | O P I N I O N |
| - vs - | | 12/10/2012 |
| | : | |
| AARON J. JACKSON, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY AREA I COURT
Case No. CRB 11-01-648


Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Wayne C. Staton, 110 North Beech Street, Oxford, Ohio 45056, for defendant-appellant


**RINGLAND, J.**

{¶ 1}   Defendant-appellant, Aaron Jackson, appeals his conviction from the Area Court I of Butler County.

{¶ 2}   On October 20, 2011, Officer Flanagan, a Butler County dog warden, came into contact with a Great Pyrenees on the property of appellant located at 4263 Hamilton Eaton

Road.[1] Officer Flanagan found the dog lying alone under a tree on the front side yard of the property. There was no visible fence confining the dog.

{¶ 3} Officer Flanagan knocked on appellant's door and attempted to post a notice. While attempting to post the notice, Office Flanagan testified that the dog came charging at her, after which she attempted to contain the dog with a snare pole. At that time, appellant and his mother appeared for the first time. Officer Flanagan then asked appellant for proof of license for the dog, which he then retrieved from inside the residence. Officer Flanagan issued appellant a warning for failure to display the license and a ticket for failure to confine his dog.

{¶ 4} A bench trial was conducted on March 15, 2012. A decision was entered on March 29, 2012, wherein the trial court found appellant guilty of failure to confine his dog in violation of R.C. 955.22(C). Appellant was fined $25 and court costs.

{¶ 5} Appellant appeals his conviction, raising two assignments of error for our review. For ease of discussion, we will address appellant's assignments of error out of order.

{¶ 6} Assignment of Error No. 2:

{¶ 7} APPELLANT'S CONVICTION IS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 8} When reviewing the sufficiency of the evidence underlying a criminal conviction, the function of an appellate court is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable

---

1. Officer Flanagan attempted to testify as to why she came to appellant's property. However, this testimony was objected to and sustained, and therefore may not be considered by this court.

to the prosecution, any rational trier of fact would have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶ 9} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." *State v. Wilson*, 12th Dist. No. CA2006-01-007, 2007-Ohio-2298, ¶ 34. In determining whether the conviction is against the manifest weight of the evidence, an appellate court "must weigh the evidence and all reasonable inferences from it, consider the credibility of the witnesses and determine whether in resolving conflicts, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Coldiron*, 12th Dist. Nos. CA2003-09-078, CA2003-09-079, 2004-Ohio-5651, ¶ 24; *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52. "This discretionary power should be exercised only in the exceptional case where the evidence weighs heavily against conviction." *Id.*

{¶ 10} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." *Wilson* at ¶ 35. "Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." *Id.*

{¶ 11} R.C. 955.22(C) addresses the confinement of dogs and provides as follows:

> (C) Except when a dog is lawfully engaged in hunting and accompanied by the owner, keeper, harborer, or handler of the dog, no owner, keeper, or harborer of any dog shall fail at any time to do either of the following:
>
> (1) Keep the dog physically confined or restrained upon the premises of the owner, keeper, or harborer by a leash, tether, adequate fence, supervision, or secure enclosure to prevent escape;
>
> (2) Keep the dog under the reasonable control of some person.

Appellee argues that the dog was neither confined by a leash, tether, adequate fence, supervision, or secure enclosure, nor was it under the reasonable control of some person as there was no one else in the yard upon Officer Flanagan's arrival. In turn, appellant argues that no evidence was introduced to show that the dog left the yard on the date in question or any other date, and that the dog was professionally trained to remain on the property to protect livestock.

{¶ 12} We begin by noting that the statute contains multiple ambiguities. When interpreting a criminal statute that defines offenses or penalties, the language should be strictly construed against the state and liberally construed in favor of the accused. R.C. 2901.04(A). Accordingly, we construe the "either" language of R.C. 955.22(C) to provide that only one or the other of R.C. 955.22(C)(1) and R.C. 955.22(C)(2) must be complied with in order to avoid violation of the statute. Next, we note that the phrase, "reasonable control of some person," is not well-defined under R.C. 955.22(C)(2), and therefore will be liberally construed in favor of the accused to determine whether the dog was within the reasonable control of appellant.

{¶ 13} In the case at bar, the trial court found that when Officer Flanagan arrived at appellant's farmhouse, which was "located quite a distance from the road," she discovered appellant's dog asleep under a tree in the yard. There was no evidence introduced that the dog was venturing away from appellant's property, nor did the trial court make any finding that the dog was attacking anyone or was otherwise out of control. On the contrary, appellant provided testimony that the dog is professionally trained to stay in one location and protect livestock. Appellant further testified that in the eight years he has owned the dog, the animal has not left the property. Finally, the evidence indicates that appellant was on the property at the time Officer Flanagan arrived.

{¶ 14} Based on the foregoing, and construing the statute against the state and in

favor of the accused, we find that the dog was under the reasonable control of appellant based on the lack of evidence indicating appellant was not supervising the dog, the testimony that the dog was professionally trained to remain in one location, has never left the property and was not seen by the warden outside the property, and the finding of the trial judge which indicated that the dog was not out of control, but rather was lying asleep beneath a tree in appellant's yard.

{¶ 15} Accordingly, appellant's second assignment of error is sustained.

{¶ 16} Assignment of Error No. 1:

{¶ 17} R.C. 955.22(C) IS VOID-FOR-VAGUENESS, AS THE TERM REASONABLE CONTROL IS UNDEFINED.

{¶ 18} Based upon our holding under appellant's second assignment of error, it is unnecessary that we address the question of the constitutionality of R.C. 955.22(C). See *Hall China Co. v. Public Utilities Comm.*, 50 Ohio St.2d 206, 210 (1977) (recognizing "that constitutional issues should not be decided unless absolutely necessary"); *Smith v. Egleston*, 12th Dist. No. CA84-10-068, 1986 WL 6765 (June 16, 1986) (noting "the policy of appellate courts to avoid the resolution of constitutional issues whenever possible"). Accordingly appellant's first assignment of error is rendered moot.

{¶ 19} Judgment reversed and appellant discharged.

HENDRICKSON, P.J., and BRESSLER, J., concur.


Bressler, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.