[Cite as *In re Estate of Rand*, 2013-Ohio-4709.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 99678

# ESTATE OF MARTHA O. RAND

PLAINTIFF-APPELLEE

# [Appeal By Martha J. Skurla and Robin J. Olds]

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Division
Case No. 11 EST 0166615

**BEFORE:** Stewart, A.J., Celebrezze, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 24, 2013

**ATTORNEY FOR APPELLANTS**

Jonathan F. Sobel
Kabat, Mielziner & Sobel
30195 Chagrin Boulevard, Suite 300
Pepper Pike, OH    44124


**ATTORNEYS FOR APPELLEE JUDY JONES, EXECUTOR**

Richard A. Hennig
Janet L. Hennig
Baker, Hackenberg & Hennig Co.
77 North St. Clair Street, Suite 100
Painesville, OH    44077

MELODY J. STEWART, A.J.:

{¶1} The will of the late Martha Osborne Rand made specific cash bequests to a number of beneficiaries, with any remaining assets of her estate bequeathed to the Andrews Osborne Academy. Two of the will's beneficiaries, appellants-heirs Martha Skurla and Robin Olds, filed exceptions to the inventory prepared by the estate's executor, appellee Judy Jones. The heirs claimed that the inventory failed to account for Rand's ownership interest in a corporation, specifically challenging whether Rand's gift of the corporate stock to a family member was completed prior to her death. The executor asked the court to dismiss the exceptions because the heirs had no standing to complain about the contents of the inventory — the value of the estate was more than sufficient to fulfill the cash bequests to the individual heirs, so only the Andrews Osborne Academy, as the beneficiary of the residual estate, had an interest in the inventory. The heirs conceded that they had no direct monetary interest in the inventory, but claimed the right to file objections under R.C. 2115.16 as persons "interested in the estate." The court granted the motion to dismiss the exceptions, finding that the heirs had no interest in pursuing their exceptions and that any dispute over the validity of stock transfer should have been made in a separate declaratory judgment action. The heirs appealed.

{¶2} Concerned that we lacked a final order, we asked the parties to brief the issue of whether the court's decision affected the heirs' substantial rights in a manner that would create a "final" order for purposes of R.C. 2505.02. The heirs responded by claiming that they did not need to have a direct financial interest in the outcome of the

litigation to have standing. They also argued that if a lack of standing did not affect a substantial right, an order dismissing an action for lack of standing could never be appealable because the litigant, by definition, would not have standing sufficient to establish that a substantial right had been violated.

{¶3} Under Section 3(B)(2), Article IV of the Ohio Constitution, our jurisdiction as an appellate court is limited to reviewing "final" orders. R.C. 2505.02(B)(1) states that an order is "final" if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." In *Ohio Domestic Violence Network v. Pub. Util. Comm.*, 65 Ohio St.3d 438, 605 N.E.2d 13 (1992), the Ohio Supreme Court stated:

> In *Ohio Contract Carriers Assn. v. Pub. Util. Comm.* (1942), 140 Ohio St. 160, 23 O.O. 369, 42 N.E.2d 758, syllabus, we held that "[a]ppeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant." We explained that a "final order" under former G.C. 544, now R.C. 4903.13, is one "affecting a substantial right" (*see* R.C. 2505.02; *Hall China Co. v. Pub. Util. Comm.* [1977], 50 Ohio St.2d 206, 4 O.O.3d 390, 364 N.E.2d 852), and characterized the interest necessary to create a substantial right as a "'present interest'" and an "'immediate and pecuniary'" interest. *Id.*, 140 Ohio St. at 161-162, 23 O.O. at 369-370, 42 N.E.2d at 759. Accord *East Ohio Gas Co. v. Pub. Util. Comm.* (1988), 39 Ohio St.3d 295, 530 N.E.2d 875, wherein we also recognized that an order may be final as to one party but not to another.

*Id.* at 439.

{¶4} The heirs make no argument that the court's acceptance of the inventory filed by the executor will affect any immediate and pecuniary interest they have in the estate. The estate assets can easily satisfy the cash bequests made to the heirs even if the

corporate stock is not included as part of the estate's assets. In fact, the heirs candidly stated that "[i]t is undoubtedly true that neither Robin Olds nor Martha Skurla will obtain a direct monetary benefit if their exceptions to the Inventory are sustained." R. 39. This being the case, the outcome of this appeal will not affect their substantial rights, so it is not final for purposes of R.C. 2505.02(B)(1).

{¶5} The heirs maintain that they have the statutory right under R.C. 2115.16, as "interested persons" to the estate, to enter objections to an estate inventory and that the court's denial of their right to enter objections affected a substantial right for purposes of R.C. 2505.02(B)(1). They argue that a finding that the dismissal of their exceptions to the inventory does not affect a substantial right would make any argument relating to a lack of standing unreviewable.

{¶6} This argument confuses the jurisdictional prerequisite of standing to sue, *see Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 22, with the question of whether a judgment affects a substantial right for purposes of appeal. The heirs admittedly have no pecuniary interest in the outcome of their challenge to Rand's gift of stock — only the Andrews Osborne Academy does. Although R.C. 2115.16 does not limit the class of persons who can raise objections to an estate inventory to those with a financial interest in the inventory, the heirs offer nothing on appeal to show that the court's refusal to permit their objections have resulted in their being injured or otherwise affected by the court's decision. While R.C. 2115.16 grants interested persons the right to object to an estate inventory, the type of substantial right

needed to appeal under R.C. 2505.02(B)(1) requires more than merely an intellectual or curious interest in the outcome of the litigation.

**{¶7}** Nothing we say in deciding the merits of the appeal will in any way affect the amount of the inheritance appellants are to receive. Nor will a decision on the merits of this appeal correct errors injuriously affecting appellants. It follows that we lack a final appealable order.

**{¶8}** Accordingly, the appeal is dismissed.

It is ordered that appellee recover of appellants its costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
SEAN C. GALLAGHER, J., CONCUR