[Cite as *State v. Caldwell*, 2016-Ohio-568.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 15 CAC 07 0058 |
| JAMES CALDWELL | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Municipal Court,
                             Case No.  15 CRB 01 230


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      February 16, 2016


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

NICOLE L. CLUM                      CHAD A. HEALD
ASSISTANT PROSECUTOR                125 North Sandusky Street
70 North Union Street               Delaware, Ohio  43015
Delaware, Ohio  43015

*Wise, P. J.*

**{¶1}** Defendant-Appellant James Caldwell appeals his conviction entered in the Delaware Municipal Court on one count of Failure to Confine Dog, following a bench trial

**{¶2}** Plaintiff-Appellee is the State of Ohio.

<u>STATEMENT OF THE CASE</u>

**{¶3}** The relevant facts are as follows:

**{¶4}** On April 30, 2015, Michael Wells, an employee of United Parcel Service Service (UPS), was delivering a package to Appellant at his residence when he was bit on his left bicep by Appellant's German Shepherd Dog. (T. at 7, 10, 39). Mr. Wells has been a deliveryman since 1998 and has delivered packages to Appellant on numerous occasions, but he had never interacted with Appellant's dog until the day he was attacked. (T. at 7, 9).

**{¶5}** On April 30th, Appellant came out of his house through the garage to meet Mr. Wells, who was delivering a package. (T. at 38). The dog ran out of the garage, around Appellant, and bit Mr. Wells on the arm. *Id.* Appellant had to pull his dog off of Mr. Wells. (T. at 14). Mr. Wells had to have stitches and still had a visible scar at the trial. (T. 10, 12).

**{¶6}** The encounter happened on Appellant's property, which is surrounded by fencing. The dog was not on a chain or restrained in any way when the attack occurred. (T. at 13, 21, 23).

**{¶7}** This incident was investigated by Dog Warden Daniel James, who cited Appellant. (T. at 22).

**{¶8}** On May 6, 2015, Appellant was charged with one count of Failure to Confine a Dog, in violation of R.C. §955.22(C)(1) a minor misdemeanor.

**{¶9}** On May 28, 2015, Appellant entered a plea of Not Guilty, and the matter was scheduled for trial before the court.

**{¶10}** On July 7, 2015, a bench trial was held before the court.

**{¶11}** At trial, the State of Ohio called Michael Wells, the victim and Daniel James, the Delaware County Dog Warden.

**{¶12}** Mr. Wells testified that on April 30, 2015, he was delivering a package to Appellant's home, where he had previously delivered packages in the course of his employment. (T. at 8). Mr. Wells testified that there is a split-rail fence surrounding Appellant's property and was able to identify the fence surrounding Appellant's property on Defendant's Exhibit 1 (T. at 8, 16).

**{¶13}** Mr. Wells further testified that he was aware Mr. Wells had a dog as he "could always hear he has a dog when I come make a delivery." (T. at 9). Mr. Wells further made notations on Defendant's Exhibit 1 which demonstrated where he parked his UPS truck and where he first encountered Appellant's dog. (T. at 17). Mr. Wells testified that at no point during his interaction with Appellant's dog was he outside of the property fence. *Id.*

**{¶14}** Daniel James, the Dog Warden, testified that he observed Appellant's fence around the perimeter of his property. (T at 21). On cross-examination, Mr. James acknowledged that he only charged Appellant with an alleged violation of R.C. §955.22(C)(1), which alleged he failed to confine his dog upon his premises. (T. at 22). He further acknowledged that no one, during the course of his investigation, alleged that

the dog bite occurred off of Appellant's property, and that at all times during his interaction with the dog, Mr. Wells was located inside Appellant's perimeter fence. (T. at 23). Further, Mr. James agreed that he had specifically indicated that the dog in question was not a dangerous or vicious dog, and that no prior citations had been issued pertaining to this dog. (T. at 23). He further testified that in addition to the fence surrounding Appellant's property, there is a gate at the front entrance of the property. (T. at 24).

{¶15} Following the presentation of the State's case, counsel for Appellant moved for a Judgment of Acquittal, pursuant to Criminal Rule 29. The trial court overruled the Motion for Judgment of Acquittal.

{¶16} Appellant then put on his defense, testifying on his own behalf. Appellant testified that he was a retired Special Agent with the United States Secret Service, and that he had experience with acquiring K9s for law enforcement. (T. at 31). He testified that the dog in question is well-trained and has never bitten another person. (T. at 32). Appellant described the perimeter fence which encloses his property. (T. at 32-33). He further testified that the dog in question had never escaped from the perimeter fence of the property, and that there is a gate across his driveway (T. at 35). Appellant testified that Mr. Wells was at his home making deliveries approximately two times a week. (T. at 37).

{¶17} Appellant, by and through counsel, submitted three photographs as exhibits.

{¶18} Following the presentation of all evidence, the trial court made a finding of guilty. The judge found on April 30, 2015, Appellant failed to adequately supervise or

secure the dog, which was evident by the fact the dog escaped Appellant's house and was able to bite Mr. Wells. (T. at 50-51).

{¶19} Appellant now appeals, assigning the following errors for review:

ASSIGNMENT OF ERROR

{¶20} "I. APPELLANT'S CONVCTION [SIC] WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

**I.**

{¶21} In his sole Assignment of Error, Appellant argues that his conviction was not supported by sufficient evidence. We disagree.

{¶22} The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶23} Here, Appellant was charged with a violation of R.C. §955.22(C)(1). R.C. §955.22(C) states as follows:

(C) Except when a dog is lawfully engaged in hunting and accompanied by

the owner, keeper, harborer or handler of the dog, no owner, keeper, or

harborer of any dog shall fail at any time to either of the following:

(1) Keep the dog physically confined or restrained upon the premises of the owner, keeper, or harborer by a leash, tether, adequate fence, supervision or secure enclosure to prevent escape;

(2) Keep the dog under the reasonable control of some person.

**{¶24}** Specifically, Appellant argues that the state of Ohio did not present any evidence that he failed, at any time, to keep his dog confined upon his premises; that he did not have an adequate fence or that he failed to prevent the dog's escape. Appellant argues that he complied with the mandate of R.C. §955.22(C)(1) as it pertains to confining his dog on his premises by way of an adequate fence.

**{¶25}** At the conclusion of the trial, the trial court found:

"… I think by the plain language the bite is relevant to show that the dog was not under the supervision or otherwise confined, restrained by the owner at the time of the incident, not ever. Certainly, these are factors the Court takes into consideration, but at the time of the incident.

…

"I think what's important for everybody is we're not saying that Mr. Caldwell is a bad owner or that Tara's necessarily a bad dog. But like we oftentimes say in municipal court, Tara had a bad day. And at the moment when she bit the postman [UPS driver], that's when the offense occurred, and that's when there was a failure to adequate – to have adequate supervision or secure the dog. Okay? Because she escaped when she bit him, she escaped from the supervision of her owner."

(T. at 49-50).

**{¶26}** Upon review, we find that the trial court's decision was based on sufficient evidence. The state of Ohio presented evidence that the dog was not under the adequate supervision of its owner by way of the testimony of the UPS driver who described how the dog ran out of the house, through the garage, around his owner and attacked him.

**{¶27}** Accordingly, based on the foregoing, we find Appellant's conviction is supported by the sufficiency of the evidence.

**{¶28}** Appellant's sole Assignment of Error is overruled.

**{¶29}** For the foregoing reasons, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed.

By: Wise, P. J.

Baldwin, J., concurs.

Delaney, J., dissents.

JWW/d 0203

*Delaney, J., dissenting.*

{¶30} I respectfully dissent from the majority opinion. I would find there was insufficient evidence of "escape" from the premises of Appellant under R.C. 955.22(C)(1) and therefore would sustain Appellant's sole assignment of error. See also, *State v. Jackson*, 12th Dist. Butler No. CA2012-04-094, 2012-Ohio-5843 (reversal of conviction where no evidence dog left property or was seen by warden outside of the property).

{¶31} It appears under the facts of this case it was the Appellant's failure to control, rather than failure to supervise, that led to the unfortunate incident.


_____