[Cite as *In re Lee*, 2020-Ohio-1601.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE CLAIRE LEE

:
:
: No. 108391
:
:
[Appeal by Latefah Shampine]
:
:

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 23, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Probate Division
Case No. 18EST233108

---

***Appearances:***

Latefah Shampine, *pro se.*

Charles W. Fonda, *for appellees.*

SEAN C. GALLAGHER, J.:

{¶ 1} Latefah Shampine, the sister of Claire Lee, is attempting to appeal the trial court's order withdrawing an application for authority to administer Lee's estate filed on October 10, 2018 — three months after the trial court relieved Lee's estate from administration based on the value of the estate's assets not exceeding $35,000 under R.C. 2113.03(A)(1).

{¶ 2} Lee passed away in January 2018. Shampine had a contentious history with Lee and Lee's attorneys, who also represented Lee's heir apparent Jeffery Bell. Shampine complained that Lee stole Shampine's inheritance from their mother in 1999, and Shampine filed several actions against Lee and her attorneys over the last twenty years in an attempt to vindicate her belief. Those cases either ended in dismissal or a judgment in favor of the defendants. During the process, Shampine was declared a vexatious litigator under R.C. 2323.52.[1]

{¶ 3} In March 2018, Shampine filed an application for authority to administer the estate. The application included Lee's death certificate and an allegation that Bell was Lee's son. In May, Bell entered a notice of appearance and filed an application to relieve the estate of administration in light of the fact that the estate's assets were less than the $35,000 statutory threshold. On June 20th, the probate court marked Shampine's application for authority to administer the estate as "withdrawn." On June 25, 2018, the probate court relieved the estate from administration and ordered the distribution of the $4,445.76 in Lee's checking account and the value of an OPERS retirement account — estimated to be worth $10,000 — and the transferring of Lee's residential property appraised at approximately $20,000. Lee's next of kin, deemed to be Jeffrey Bell, received the final distribution of property and inheritance as the sole heir under R.C. 2105.06(A).

---

[1] Shampine sought and received leave to prosecute this appeal under 8th Dist. Loc.App.R. 23(C) and R.C. 2323.52(F)(2).

Shampine did not timely contest Bell's status as the sole heir under R.C. Chapter 2123.

{¶ 4} Following the order relieving the estate of administration and distribution and transfer of assets, Shampine filed a series of motions with the probate court. On August 3, 2018, Shampine filed a motion to vacate the judgment that withdrew Shampine's application to administer the estate. In that motion, Shampine advanced the allegations that Bell was not Lee's natural or adoptive son, and therefore, Lee's siblings should have inherited under the laws of intestate succession. The trial court denied that motion in September 2018. In October 2018, Shampine filed a second application to administer the estate, which at that point had already been relieved of the administration. In that "application," Shampine deleted any reference to Bell or Lee's deceased son, Anthony Graham (nothing in the record indicates whether Graham bore any children for the purposes of R.C. 2105.11). This motion was marked "withdrawn" after the probate court conducted a hearing on the issue with Shampine being represented by legal counsel. Shampine timely appealed that decision.

{¶ 5} In this appeal, Shampine claims in part that Bell is not actually Lee's natural or adopted child and that Bell's attorney committed fraud upon the probate court in representing Bell throughout the lower court's proceedings and throughout the attorney's representation of Lee starting in 1999. According to Shampine, as she alleged in the proceedings below, Bell was five years old when Lee began raising him as her son. Bell's father and Lee were married at the time, and sometime after Lee's

death, again according to Shampine, Bell became aware that Lee was not his natural or adoptive parent.

{¶ 6} Bell conceded at oral argument that the only documentation of his relationship to Lee in the record is the certificate of death that indicates Bell is Lee's "son." Bell was also the named informant, indicating his status was not verified but merely a product of his representations to the coroner. Shampine, however, also alleged that Bell was Lee's son in her original application for authority for administration of the estate. The record does not include any indication as to whether Bell's relationship was verified through a determination of heirship under R.C. Chapter 2123, but Shampine first brought these allegations to the probate court's attention three days after the court relieved the estate of administration and ordered the final distribution of assets to Bell as Lee's sole heir. Shampine did not otherwise object to or challenge the final distribution of assets. Further, the probate court considered and denied Shampine's post-distribution motions.

{¶ 7} Our review is extremely limited in light of the fact that Shampine solely appealed the second order "withdrawing" the October 2018 application for authority to administer the estate, which at the time was already relieved of administration. In essence, Shampine was seeking to start the administration process anew irrespective of what had occurred to that point. Because Shampine failed to appeal the withdrawal of her original application for authority to administer the estate, we affirm the decision of the trial court.

**{¶ 8}** Appellate court jurisdiction is limited to reviewing "final" orders. *Estate of Rand*, 8th Dist. Cuyahoga No. 99678, 2013-Ohio-4709, ¶ 3, citing Section 3(B)(2), Article IV of the Ohio Constitution. According to Section 3(B)(2), an appellate court has jurisdiction to review a judgment of a trial court only if that judgment constitutes a "final appealable order." If the trial court's order is not final, then an appellate court lacks jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). A final appealable order must satisfy the requirements of R.C. 2505.02. R.C. 2505.02(B)(1) provides that an order is "final" if it "affects a *substantial right* in an action that in effect determines the action and prevents a judgment." (Emphasis added.) *Id.*

**{¶ 9}** In this context, it has been determined that an order denying an application for authority to administer the estate is a final appealable order. *In re Estate of Price*, 8th Dist. Cuyahoga No. 68628, 1995 Ohio App. LEXIS 4727, 4 (Oct. 26, 1995). An application for authority to administer the estate is made in a special proceeding and the denial of that application affects a substantial right as contemplated under R.C. 2505.02. *Id.* Thus, we have jurisdiction to review the order from which Shampine appealed — the trial court's order "withdrawing" Shampine's October 2018 application for authority to administer the estate. Although the application was "withdrawn" instead of "denied," we find the two designations reach the same practical result — denying the petitioner the authority to administer the estate.

{¶ 10} That we have jurisdiction to review the order withdrawing the October 2018 application, however, is a double-edged sword for Shampine. Because the order is a final appealable one, the trial court's decision was final for the purposes of appellate review in June 2018, when Shampine's original application for authority to administer the estate was first "withdrawn." *Treasurer of Cuyahoga Cty. v. Robshir Properties, L.L.C.*, 8th Dist. Cuyahoga Nos. 107056 and 107289, 2019-Ohio-535, ¶ 21. Filing a duplicative application after the expiration of the time in which an appeal from a final order must be perfected does not restart or toll the appellate clock. *Id.* at ¶ 22. Parties cannot file a second application for authority to administer an estate to circumvent the deadline to perfect an appeal. Because we are limited to reviewing the second application for authority to administer the estate, the doctrine of res judicata is implicated.

{¶ 11} The doctrine of res judicata bars claims that were or could have been raised on direct appeal. *M & T Bank v. Steel*, 8th Dist. Cuyahoga No. 101924, 2015-Ohio-1036, ¶ 13. This is because a "'final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.'" *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226, quoting *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus.

{¶ 12} Shampine's application for authority to administer the estate was withdrawn in June 2018. That was in all functional aspects a denial of her

application, and that denial was a final appealable order. *Robshir Properties*. Under App.R. 4(A), any party seeking to appeal an order that is final upon its entry, must do so within 30 days of that entry. This court lacks jurisdiction to review the merits of the judgment that is untimely appealed. *Agee v. Cuyahoga*, 8th Dist. Cuyahoga No. 103464, 2016-Ohio-2728, ¶ 3, citing *Wells Fargo Bank, N.A. v. Fields*, 8th Dist. Cuyahoga Nos. 101814 and 101985, 2015-Ohio-4580. ¶ 14; *Bounce Properties, L.L.C. v. Rand*, 8th Dist. Cuyahoga No. 92691, 2010-Ohio-511, ¶ 6. Because Shampine failed to timely appeal the order withdrawing her original application, she is precluded from litigating that decision anew, based on the doctrine of res judicata. She could have raised the current issues in a direct appeal from the court's original order withdrawing the application.

{¶ 13} It is important to note that even if the decision deeming the application withdrawn were not the functional equivalent to a denial, therefore the original order withdrawing Shampine's application was not a final appealable order, then there would be no final appealable order underlying the current appeal. R.C. 2505.02. If the original order withdrawing the application were not a final appealable one as contemplated under R.C. 2505.02, the latest order reaching the same decision would not be final either. Under this rationale, this appeal would be dismissed for want of jurisdiction. Either way, we could not afford Shampine any relief in light of the unique procedural posture of this case.

{¶ 14} Notwithstanding, we affirm the decision of the probate court.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, probate division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, A.J., and
MARY J. BOYLE, J., CONCUR